No. 8640.

## MITCHELL v. STINSON.

PRACTICE.—*Demurrer.*—A single demurrer to an answer in several paragraphs, which is addressed to the paragraphs "separately," is sufficient to raise the question of the sufficiency of each.

PROMISSORY NOTE.—*Failure of Consideration.*—*Action by Endorsee.*—*Pleading.* —*Answer.*—An answer, alleging that a negotiable note sued on by an endorsee, was given for personal property specified, which the payee agreed to deliver to the maker, and never did deliver, and that the note was not negotiated until after maturity, shows a failure of consideration, and is good on demurrer.

PRACTICE.—*Pleading.*—*Certainty.*—The want of certainty in a pleading is reached not by demurrer, but by motion.

SUPREME COURT.—*Transcript.*—*Record.*—A certified copy of a note, attested by the clerk of the lower court and filed in the Supreme Court, not in answer to a *certiorari*, is no part of the record therein.

From the Fulton Circuit Court.

*I. Conner,* for appellant.

*M. L. Essick* and —— *Holman,* for appellee.

ELLIOTT, C. J.—This action is upon a negotiable promissory note executed by the appellee to one A. G. Burros, and by him endorsed to the appellant.

The questions which first require consideration are those

presented by the ruling on the demurrer to the answer. Appellee contends that the demurrer is addressed to the entire answer and not to the paragraphs distributively, and that, as there are certainly some good paragraphs, there was no error in overruling the demurrer. It is undoubtedly the law that a demurrer addressed to an entire pleading, composed of several paragraphs, must be overruled if there be one good paragraph, although there are many bad ones. The demurrer of the appellant is very clumsily drawn, but we think the use of the word "separately" brings it within the rule declared in those cases which hold that the use of the word "severally" or "neither" will constitute the demurrer a several one and enable the court to apply it distributively to each paragraph of the pleading. *Silvers* v. *The Junction R. R. Co.*, 43 Ind. 435; *Rennick* v. *Chandler*, 59 Ind. 354.

The third paragraph of the answer alleges that the note sued on was given for an article called "Lewis' Horse Hopples," which the payee of the note agreed to deliver to the appellee; that the hopples were never delivered, and that the consideration of the note has wholly failed. It is also alleged that the appellant did not become the owner of the note until after maturity, and that, when he did purchase it, he had notice of the failure of the payee to deliver the hopples for which the note was executed. This paragraph is good. It shows, not in a very perspicuous manner, it is true, that the consideration of the note was the sale and delivery of certain property to the maker, and that the payee had wholly failed to deliver the property as promised. Where the consideration of a promissory note is the sale and delivery of property, and the payee of the note wholly fails to deliver the property as agreed, there is an entire failure of consideration.

The fifth paragraph of the answer sets forth a written contract, executed contemporaneously with the note in suit. This instrument acknowledges the receipt of one hundred dollars in payment for one hundred horse hopples, to be delivered to the appellee by the payee of the note, appoints the latter agent

to sell hopples, and provides that they shall be furnished to him at a specified price. There are many other stipulations in this instrument, but they exert no influence upon the question as to the sufficiency of this answer. After setting out the contract, the answer avers that Burros has not complied with any part of his contract; that he has not furnished any hopples, nor has he had any manufactured; nor has appellee, although he has made diligent efforts, been able to secure any of the hopples, or to ascertain the whereabouts of Burros. Following this is an averment that the consideration of the note was the agreement to deliver to the appellee the hopples described in the written contract. We regard this answer as sufficient, for the reason that it shows a total failure of consideration. There are some charges of fraud scattered through the pleading, but these " serve for ornament, and not for use." The gist of the plea is the failure of the payee to perform the promise, by delivering the property which formed the consideration of the note. Irrespective of the question whether there were or were not fraudulent representations, the plea is good, because it shows a failure of consideration.

We agree with appellant's counsel, that the general statement that " the consideration had wholly failed" does not make the plea good. A mere general conclusion can not supply the place of traversable facts. *Worley* v. *Moore*, 77 Ind. 567. We do not attach any importance to this conclusion of the pleader. We have looked to the facts pleaded, and not to the mere general conclusions stated.

We do not regard the answer as showing that the consideration of the note was the appointment of appellee as Burros' agent for the sale of the patent horse hopples. The answer shows, as we read it, that the note was given for one hundred horse hopples, which the payee agreed to deliver to the appellee. But if it were conceded that the answer does show that the consideration of the note was appellee's appointment, it would be sufficient, for it very clearly shows that the payee had no power to make the appointment, and that he did not

own the territory in which he assumed to authorize the appellee to make sales.

It is true, that the answer is lacking in certainty and precision, but these are faults which can be reached by motion, and not by demurrer.

The answer shows that the appellant received the note after maturity, and with full knowledge that the consideration had totally failed. The authority cited by counsel, to the effect that want of consideration can not be set up by the maker of the note to defeat the action of an endorsee, does not apply to cases where the endorsee takes the note after maturity, or where he takes it with full knowledge of the entire failure or want of consideration.

The appellant has caused the clerk to certify to this court a copy of the original note. The bill of exceptions was signed and filed in March, 1880; the certificate of the clerk accompanying the original note is dated May 16th, 1881. We can not treat the note as in the record. The practice here adopted is not warranted by law. Papers can not be made part of the record in any such manner.

There is evidence tending to sustain the appellee's defence of *non est factum.* It is not our duty to disregard the finding of the jury and its approval by the judge who tried the case, because the evidence, as exhibited in the bill of exceptions, appears to strongly preponderate against the appellee.

Judgment affirmed.