ALBERT H. LEIGHTON, administrator,

*vs.*

GEORGE BOWEN and another.

Penobscot.    Opinion December 28, 1883.

*Promissory notes.    Evidence.    Trustee.*

As between the maker and the administrator of the payee of a promissory note, it is competent to show by parol evidence, that the note was made and delivered only as collateral security for the performance of the maker's duty as trustee of the payee, and that such duty was fully performed.

In such a case the right to maintain an action upon the collateral must stand or fall with the principal obligation. If that is fulfilled there remains no valid subsisting consideration to support an action upon the collateral.

When one party uses the name of another party, with his consent, to hold stock for speculative purposes, such other party is a mere passive trustee, with no duty to perform until funds come to his hands or a transfer of the stock is called for.

ON REPORT.

Assumpsit on the following promissory note.

"Bangor, January 5, 1881.

"For value received, two months after date, we promise to pay to the order of Ichabod Leighton one hundred dollars.

[Signed.]                                        Bowen & Emery."

The plaintiff was the administrator on the estate of Ichabod Leighton.

At the trial the plaintiff put in the note and stopped.

The defendants then introduced evidence against the objection of plaintiff, of the facts recited in the opinion.

The action was then reported to the law court to determine whether the evidence introduced by the defendants was admissible, and if so to determine the effect of such evidence, and render judgment accordingly, by nonsuit or default.

*Charles P. Stetson* and *H. L. Mitchell*, for the plaintiff.

The testimony offered by defendants was not legally admissible, and cannot be considered in defence to the action, being in violation of the well known principle that parol evidence shall not be allowed to alter and vary the operation and effect of a written contract. *Brown* v. *Spofford*, 95 U. S. 474, p. 480; *Forsythe* v. *Kimball*, 91 U. S. 291 – 294; *Millett* v. *Marston*, 62 Maine, 477; *Shaw* v. *Shaw*, 50 Maine, 95.

Parol evidence is admissible to show fraud in the inception of the note, want of consideration, or that there was no delivery.

In this case there is no charge of fraud, there was a valid consideration for the note. Leighton paid his one hundred dollars. Bowen received the stock and has had it ever since.

The note was duly delivered.

The case differs from *Watkins* v. *Bowers*, 119 Mass. 383, relied upon by defendants. That note was given for a policy of insurance, and an agreement that defendant should have sixty days to determine whether he would or not be insured. He declined to take the policy of insurance.

And the evidence was competent upon the issue whether there was a contract between the parties, and a completed delivery of the policy and note under it.

*Barker, Vose and Barker,* for the defendants, cited : *Coddington*
v. *Goddard,* 16 Gray, 446 ; *Fearing* v. *Clark,* 16 Gray, 74 ;
*Faunce* v. *State Mut. Life Ins. Co.* 101 Mass. 279 ; *Watkins*
v. *Bowers,* 119 Mass. 386 ; *Goddard* v. *Cutts,* 11 Maine, 442 ;
*Sweet* v. *Stevens,* 7 R. I. 375 ; *Seymour* v. *Cowing,* 4 Abb.
App. Dec. 200 ; *Pym* v. *Campbell,* 6 E. & Bl. 370 ; *Davis* v.
*Jones,* 17 C. B. 625 ; *Bell* v. *Ingestre,* 12 Adol. & El. N. S. 317 ;
*Wallis* v. *Littell,* 11 C. B. (N. S.) 369.

BARROWS, J.   It is not always easy to draw the line which
distinguishes between testimony which must be regarded as
incompetent and irrelevant, because subversive of the wholesome
rule that "parol contemporaneous evidence is inadmissible to
contradict or vary the terms of a *valid* written instrument," and
that which is competent and relevant as showing that the written
unsealed instrument declared on is not valid and binding between
the original parties to it, by reason of the want or failure of a
consideration to support it, or because it was not delivered under
such circumstances as to make the contract complete.   Hence
not a few cases in the books of suits upon promissory notes
between the maker and promisee, or their personal representatives
where it is difficult if not impossible to reconcile the decisions.

As the desire to do exact justice between the litigating parties
upon the facts established by satisfactory proof, or the fear of
encouraging perjurious attempts to get clear of liabilities distinctly
assumed and verified by written evidence has predominated, the
line of admissibility has varied and become questionable and
indistinct even in the decisions of courts of the highest
respectability.

It does not seem to be necessary here to attempt an extended
citation and review of the authorities.

Where the suit is between the original parties, the inquiry is :
Has the plaintiff established the existence of a completed contract
entered into upon a valid and still subsisting consideration?   If
so, the writing must speak for itself, and contemporaneous parol
agreements, inconsistent with it, are inadmissible to affect the
liability thereby assumed.   But in determining whether the

contract was complete and founded upon such consideration, the transaction out of which it grew is open to investigation, and the testimony of competent witnesses bearing upon either of those points, is relevant.    This must include the acts and conversation of the parties at the time, so far only as they have a bearing upon the questions of the completion of, and the consideration for the alleged contract.

The testimony here offered in defence may be regarded as establishing the fact that the only transaction between Ichabod Leighton and the defendants, which could be supposed to furnish a consideration to support this note was as follows :

They were in an office with a third party who was engaged in placing the stock of a new mining company.    This man had arranged to put a pool of sixty thousand shares into the New York market for speculative purposes, and proposed to Leighton to go into it.    Leighton replied that he liked to speculate a little, but didn't want to be known in the matter.    Upon which the broker proposed, and it was finally arranged between them, that if Bowen would allow Leighton to put it in his (Bowen's) name, Leighton would take five hundred shares, and pay the broker seventy-five dollars therefor, which was done, and the broker made the certificate for Leighton's shares, which were to go into the pool in Bowen's name.

Upon Leighton's inquiring what he had to show for his interest Bowen said he would give him anything he wanted, and proposed to give him this note " *as collateral* "— the arrangement being that Leighton was to have all which his five hundred shares should bring when sold, if it did not exceed one hundred dollars.    If it brought more than one hundred dollars Bowen was to have half the excess.    Leighton received the note agreeing that he would not use it in any way until the stock was sold.    The broker had charge of the sale.    The shares fell flat and the stock has never been sold.    It does not appear that Ichabod Leighton ever called for money or stock.    At the trial of this suit Bowen offered to surrender the certificate transferred by himself to Leighton, but Leighton's administrator objected to the tender as not seasonably

made.   What must Ichabod Leigton have understood to be the consideration of this note?   For his own accommodation he had put his stock in Bowen's name, but Bowen neither had, nor was it expected by either that he would have any control of it. Leighton himself had put it into the New York pool, and the broker had charge of the sale.   The only delivery of the note was expressly made " as collateral " — to secure the performance of Bowen's duty as Leighton's trustee in the matter.   Bowen was the mere conduit through whom the proceeds of such sale as the broker might make, were to come.   No proceeds accruing, the consideration, if one could be said ever to have existed, failed entirely unless Bowen refused or neglected to obey Leighton's further directions as to the disposition of the stock. Leighton never gave any further directions.   The stock which he bought remained subject to the call of himself or his administrator in Bowen's hands.   Bowen was a mere passive trustee, allowing the use of his name to gratify Leighton's propensity to speculate a little without being known in it.   After the failure of the speculation he would naturally enough be less inclined than before " to be known in it."   It was no part of Bowen's duty to follow him with a tender of the certificate of the stock when he did not call for it.   The note was delivered, known and understood by both, simply as a collateral for the fulfillment of the trust. It must stand or fall with the principal obligation, like all collaterals.   When the principal obligation has been fulfilled, the right to maintain an action upon the collateral ceases.

We think that the plaintiff's objection that the tender of the certificate came too late is not tenable.   Had it been made to appear that either the administrator, or Leighton himself, ever asked for or offered to receive the certificate, the case would have been entirely different.   Until then Bowen was simply discharging his duty by remaining passive.   It is shrewdly claimed that this testimony brings into the contract a condition not therein expressed which is contradictory to its terms.   Not so.   It goes to the present existence of a consideration which the plaintiff is bound to establish in order to maintain an action upon it, and to

the question of a delivery for a specific purpose only. No rights of an innocent holder for value are involved here.

*Plaintiff nonsuit:*

PETERS, C. J., WALTON, DANFORTH and LIBBEY, JJ., concurred.