TOOMBS *v.* WEST & OBEAR.

Where the payee of a promissory note procured the same to be exe-
cuted by stipulating with the maker that he, the payee, would
procure employment for a third person (for whose benefit the note
was given and who received the entire consideration therefor) by
which the latter would earn enough money to pay off the note,
a total breach of this stipulation is a defence to an action brought
upon the note by the payee.

August 14, 1894.

Complaint on note. Before Judge GRIGGS. Randolph
superior court. November term, 1893.

W. C. WORRILL, for plaintiff in error.

LUMPKIN, Justice.

This was an action by West & Obear against Toombs
upon a promissory note payable to them. The defend-
ant's plea alleged, in substance, as follows : The plain-
tiffs, being agents of the Manhattan Life Insurance Com-
pany, desired to issue a policy on the life of one Tum-
lin and to obtain the defendant's note for the premium
thereon. In order to induce him to give the note, they
promised to procure Tumlin an appointment as agent of
the company, and represented that he could soon realize
enough from his commissions to pay off the note, it
being expressly agreed between the parties to the note
and Tumlin, that Toombs should be interested in the
commissions earned by Tumlin to the extent of the
amount of the note ; and had this contract been carried
out, Tumlin could, with reasonable certainty, have earned
money enough to pay the note. In consideration of
the promise and representation made by the plaintiffs,
Toombs signed the note, but after it was made and deliv-
ered, the plaintiffs failed and refused to procure the
agency for Tumlin.

Properly construed, the undertakings of the plaintiffs,
in consideration of which the note was given, amounted

to a stipulation on their part to procure employment for Tumlin by which he would earn enough money to pay off the note, and there was a total breach of this stipulation. We think the plea set up a good defence to the action on the note. Whether, if Tumlin had been appointed agent, he would have been successful and would have made money enough to satisfy the note cannot be known; but the plaintiffs will not be heard to say he would have failed, because, by the breach of their contract, they denied him the opportunity even to make the effort; and besides, the plea alleges, in effect, he would have succeeded, and on demurrer this allegation must be taken as true. The court erred in striking the plea.

*Judgment reversed.*