Joseph Louchheim, trading as Joseph Louchheim & Co.,
    *v.* James Maguire and Charles A. Maguire, Copart-
    ners, trading as James & Charles A. Maguire, Appel-
    lants.

*Promissory notes—Affidavit of defense—Suit by indorsee against maker.*

In an action by an indorsee against the makers of a promissory note, an affidavit of defense which would be good against the payee is sufficient, if it also avers that the defendants are informed, believe and expect to be able to prove that the plaintiff is not a bona fide purchaser of the note for value before maturity, and that he now holds the note for collection in the interest of the payees.

In an action on a note given for work done and materials furnished, it appeared that the payees of the note under a written agreement guaranteed all work done and materials furnished by them for a period of five years, and agreed to repair the work and keep it in good order for said period. The defendants filed an affidavit of defense, averring that the work was not done in accordance with the contract, and specifying the location, nature and causes of defects in it. They further averred that the payees of the note had refused to make the repairs when notified, and that the defendants "have been compelled to pay out, and will in the future be compelled to pay out, a large sum of money to repair the same and place in proper order and condition, a much larger sum of money than that for which this suit is brought," and that they believe and expect to be able to prove that plaintiff is not a bona fide holder for value before maturity, but that he holds the same for collection for the payees. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Jan. 28, 1898.   Appeal, No. 377, Jan. T., 1897, by defendants, from order of C. P. No. 4, Phila. Co., June T., 1897, No. 831, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Assumpsit by indorsee against makers of a promissory note.
Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit of defense sufficiently appear by the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*John K. Andre*, with him *Henry F. Walton*, for appellant.—The affidavit of defense shows that J. H. Louchheim & Co. did not do the work in accordance with their agreement, and is, therefore, sufficient to send the case to a jury if the plaintiff is not a holder of the note for value before maturity: Lane v. Penn Glass Sand Co., 172 Pa. 252.

The form used by defendant wherein he states that he is informed, believes and expects to be able to prove that the plaintiff is not a bona fide holder of said promissory note for value before maturity, but that he has taken the same since maturity for the purpose of collection and in the interest of the said J. H. Louchheim & Co., and for the purpose of avoiding the defense which defendants have thereto, has been approved by the Supreme Court in the case of Newbold v. Pennock, 154 Pa. 591.

*Samuel K. Louchheim*, for appellee.—The work having been completed, the defendants cannot successfully defend a suit for the contract price, because of defects subsequently arising or repairs needed in said work.

The allegation of damage is too vague and indefinite to prevent judgment: McBrier v. Marshall, 126 Pa. 390; Stevens v. Hallock, 7 Kulp, 260; Lane v. Penn Glass Sand Co., 172 Pa. 252.

The statement filed by the plaintiff in this case is self-sustaining in every particular, and according to the rule laid down in Bank v. Ellis, cited in appellant's argument, would answer the requirements of "a good cause of action:" Newbold v. Pennock, 154 Pa. 592; Knight v. Pugh, 4 W. & S. 445; Gray v. Bank, 29 Pa. 365; Lerch Hardware Co. v. Bank, 109 Pa. 240; Lamb v. Burke, 132 Pa. 413; Brown v. Street, 6 W. & S. 221.

The averment that the defendant is "informed, believes and expects to be able to prove" that the plaintiff is not a bona fide holder for value before maturity, without stating the source of his information, the ground for his belief, and disclosing no reason for such belief, is not a sufficient averment to prevent the plaintiff taking judgment against him.

There are numerous nisi prius cases in which similar affidavits of defense have been held sufficient. It will be only nec-

essary to cite a few of these: Sowers v. Earnest, 1 W. N. C. 443; Landiz v. Metzger, 2 W. N. C. 80; Breukeret v. King, 2 W. N. C. 321; Boston Bank v. Bartholomew, 2 W. N. C. 445.

OPINION BY MR. JUSTICE McCOLLUM, May 26, 1898:

J. H. Louchheim & Co. are the payees named in the note in suit, and the defendants are the makers of it. The payees indorsed and delivered it to the plaintiff who has not alleged in the statement of his claim that he received it before maturity, or that he is the owner of it. The defendants, however, have averred in their affidavit of defense that they are informed, and that they believe and expect to be able to prove that he is not a bona fide purchaser of it for value before maturity, and that he now holds it for collection and in the interest of the parties to whom they delivered it. If, therefore, their affidavit contains a good defense to the note in the hands of the payees the judgment entered by the court below must be reversed.

The note was given for work done and materials furnished under a contract between J. H. Louchheim & Co. and the defendants, and in which J. H. Louchheim & Co. agreed, inter alia, " to furnish all materials, labor and tools required for the laying and putting down of the cement pavements, yards and alleys, curb and coping in the erection of one hundred and fifty-six houses then in course of erection on Poplar and Wyalusing streets, between Thirty-eighth and Thirty-ninth streets, inclusive, in the city of Philadelphia," and "to lay the vitrified brick on said streets in accordance with city specifications and under city supervision." In and by the terms of said contract the said Louchheim & Co. also guaranteed all work done and materials furnished by them under it, for a period of five years from the completion of the work, against all defects whether in work or materials, and they also agreed, on notice in writing from the defendants or their authorized agent, " to repair said work and keep it in good order and condition for said period of five years, reasonable wear and tear excepted."

The defendants aver in their affidavit of defense that the work done by Louchheim & Co. was not in accordance with the contract, and they specify the location, nature and causes of the defects in it. They further aver that one of the consequences of the imperfect work done by Louchheim & Co. is a condition

of the pavements " making it dangerous for pedestrians to pass over them." They further aver that they notified Louchheim & Co. of those defects on July 2, 1897, and requested them to repair the same at once, and that Louchheim & Co. disregarded the notice and neglected to make the repairs. It is further averred by the defendants that by reason of the defects in the work and the failure or refusal of Louchheim & Co to make the repairs as agreed they " have been compelled to pay out and will be in the future compelled to pay out, a large sum of money to repair the same and place it in proper order and condition, a much larger sum of money than that for which this suit is brought." It seems to us that the averments in the affidavit of defense are sufficient to prevent judgment. They are clear, direct and positive, and none of them can be justly condemned as evasive or ambiguous. They fairly present a defense to the note, and the defendants should be allowed an opportunity to establish them by competent evidence.

Judgment reversed and procedendo awarded.