(69 App. Div. 76.)

LUMLEY v. TORSIELLE.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. CONVERSION—EVIDENCE—RELEVANCY.
　　In an action for conversion of a government bond and a sum of money which plaintiff alleged was intrusted to defendant for a special purpose, letters alleged to be from plaintiff to defendant, but bearing no date or address, and without evidence as to either, and not referring to the matter in suit, were incompetent.

2. SAME—CONTRADICTORY EVIDENCE—COLLATERAL MATTER.
　　In conversion, where plaintiff testified that she did not write certain letters offered by defendant, but not relating to the issues, the letters were not thereafter admissible purely to contradict her as to this collateral matter.

3. SAME—MARRIED WOMEN—NECESSITY OF PROOF OF SEPARATE ESTATE.
　　Under Laws 1896, c. 272 (Domestic Relation Law, § 21), providing that a married woman has all the property rights that she would have if unmarried, and Code Civ. Proc. § 450, providing that in an action a married woman prosecutes or·defends as if single, a married woman may maintain conversion without proving that she has a separate estate.

Appeal from trial term, New York county.

Action by Belle M. Lumley against Julius Cæsar Torsielle. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Charles E. Le Barbier, for appellant.
William King Hall, for respondent.

INGRAHAM, J. The action is brought to recover for the conversion of a United States bond of the par value of $1,000, and $165 in money delivered by the plaintiff to the defendant as her agent. The answer denied each of the allegations of the complaint. Upon the trial the court submitted the case to the jury, with a charge to which there was no exception, and the jury found a verdict for the plaintiff. The question upon this appeal is presented upon the denial of a motion to dismiss the complaint at the end of the plaintiff's case, renewed at the end of the defendant's case, to which rulings the defendant excepted, and the refusal of the court to admit as evidence certain letters alleged to have been written by the plaintiff to the defendant. The plaintiff, a married woman, living with her husband, testified that she contemplated making a trip to Italy; that the defendant said he would like to superintend her trip, and could save her a great deal of expense and trouble if she would employ him as her agent or guide; that all that he would require for his services would be his passage, second class, and his traveling expenses from Naples to his home, which he calculated would be $40, making $100 in all; that the plaintiff told the defendant that she intended to take with her a $1,000 United States bond, and the defendant then advised her to give him this bond, to be returned to her on the steamer, which the plaintiff did, and that she also gave him $300 to be used in paying the expenses of the trip; that the plaintiff did not go to Europe because

of the sickness of one of her children, but that the defendant did leave on the steamer as intended; that upon the return of the defendant the plaintiff demanded the return of the bond and of the money, less the $100 that was to be paid to the defendant; that defendant returned $35 to the plaintiff, and promised to return the balance. Upon cross-examination, certain letters addressed to the defendant, and signed "Bella," were handed to the plaintiff, who testified that they were not in her handwriting, and that she never wrote or sent them to the defendant, and that she had never written any letters to the defendant at all. These letters were marked for identification. Other witnesses testified to admissions by defendant which corroborated the plaintiff's testimony. The defendant did not appear at the trial, but there was called on his behalf a witness, who testified that two of the letters purporting to be written by the plaintiff were written by her in his presence and handed to the witness to be delivered to the defendant. An expert in handwriting was called, who testified that, in his opinion, these letters marked for identification were in the handwriting of the plaintiff. The court then admitted in evidence the two letters which the witness had testified were written by the plaintiff in his presence, but excluded the other letters, upon the ground that they had no relation to the transaction involved, and contained no declaration relating thereto; the court saying:

"I do not think the relationship between the parties prior to the transaction is of any consequence. But, if you can establish the fact that some of these letters were written after the alleged transaction, they would probably have been admissible for the purpose of showing the probability regarding the transaction as she alleged it to have occurred. The tone of her letters and the expressions that she used may have been considered by the jury in determining the question whether the transaction which she said did take place in January, 1897, actually occurred. But, since none of the letters have been proven to have been written subsequent to the transaction, they are none of them material."

Exhibits 11 and 12 having been proved to have been written subsequent to January, 1897, the date of the delivery of the bond and money to the defendant, the court admitted these as evidence. None of the letters that were excluded were dated. There is no evidence when they were written or to whom they were addressed. They contain no reference to this bond or money, and could have no relevancy to this question, except to prejudice the jury against the plaintiff. The fact that the plaintiff was much attached to the defendant, that she had made him various presents of money or other articles, or that she had had improper relations with him, would not tend to disprove her statement that she had intrusted to him this bond and money to provide funds to defray the expenses of her trip to Europe. There is nothing to contradict the evidence that after the defendant's return from Europe, when a demand was made upon him for a return of this bond and money, he admitted his liability, and promised to make restitution; and the letters did not tend in any way to contradict or throw doubt upon the truth of the plaintiff's testimony. It is true that she testified that she had

never written these letters to the defendant; that she had never written to him at all; but this testimony was drawn out by the defendant upon the plaintiff's cross-examination, and was purely a collateral fact, having no relation to the transaction upon which the cause of action was based, and the defendant was not entitled to ask the plaintiff upon cross-examination as to such a collateral fact, and then introduce evidence tending to show that her statements were not true, for the purpose of contradicting her or impeaching her. It was the contents of the letters that the court refused to allow to be read to the jury, and I do not think that such contents were material. I think, therefore, that there was no ruling of the court in relation to those letters that was erroneous, or that would justify a reversal of the judgment.

The defendant based his motion to dismiss the complaint upon the ground that the plaintiff, being a married woman, could not maintain an action to recover this bond and money delivered to the defendant without proving that she had a separate estate; but this contention is based upon an evident misconception of the rights of a married woman under the law of this state. By section 21 of the domestic relation law (chapter 272, Laws 1896), it is provided that "a married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, * * * as if she were unmarried"; and by section 450 of the Code of Civil Procedure it is provided that, in an action or special proceeding, a married woman appears, prosecutes, or defends, alone or joined with other parties, as if she was single. There can be no question but what, if the plaintiff was a single woman, upon evidence that she delivered money or property to the defendant upon his promise to return them to her she could maintain an action to recover such property without proof of other facts as to ownership. How she obtained possession of this money or property would be entirely immaterial to the defendant. As a married woman now sues in respect to such property as if she were single, a defendant who receives from a married woman money or property with a promise to return it to her can no more object to her suing to recover possession for it on the ground that the source of her title to the property is not proved than he could if she were single. Upon the whole case, we think there was no substantial dispute as to the plaintiff's right to recover; that the verdict of the jury was amply sustained by the evidence; and that no error was committed which would justify a reversal of the judgment.

The judgment and order appealed from are therefore affirmed, with costs. All concur.