## CASE v. HURSH.

[No. 4,722.   Filed April 26, 1904.   Rehearing denied June 29, 1904. Transfer denied December 6, 1904.]

1. PLEADING.—*Demurrer.*—*Several.*—Where, to a complaint in three paragraphs, the defendant demurred "to each paragraph of the plaintiff's complaint on the ground that neither of said paragraphs states facts sufficient to constitute a cause of action against him," such demurrer is several, and it is error to overrule such demurrer if any paragraph is bad. p. 212.

2. PLEADING.—*Complaint.*—*Failure to Set Out Copy of Note.*—*Demurrer.*—*Error in Pleading not Cured by Evidence.*—Where, in an action upon a promissory note, a copy of such note is not set out,

the error in overruling a demurrer to such complaint can not be cured by reference to the bill of exceptions containing such note as introduced in evidence, since the evidence in a cause is given to establish the truth of the allegations of the pleadings, but not to aid such pleadings in stating the cause of action.    p. 213.

From Superior Court of Allen County; *O. N. Heaton,* Judge.

Action by John C. Hursh against Emillus Case. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. P. Breen* and *J. Morris, Jr.,* for appellant.

*W. G. Colerick, K. C. Larwill* and *Guy Colerick,* for appellee.

BLACK, J.—The appellee's complaint contained three paragraphs, seeking recovery; the first upon a promissory note, the second for money loaned, and the third for work and labor done and performed.

1.   The appellant has assigned as error, and has presented for our consideration, the action of the court in overruling his demurrer to the first paragraph of the complaint, the one based upon a promissory note.   This paragraph does not set out a copy of the note, and though it is stated in the body of the pleading that a copy of the note "is filed herewith and made a part of this complaint," it does not otherwise appear from the record that a note or a copy thereof was filed as an exhibit.   The paragraph in question not only does not disclose the form of the note, but also does not fully describe the contents thereof.

It is admitted by the learned counsel for the appellee that, because of this failure to set forth or exhibit the note, the first paragraph of the complaint was not sufficient on demurrer; but it is contended on behalf of the appellee that the demurrer to the complaint was directed against all the paragraphs thereof jointly, and not to each paragraph separately, and that there could be no available error in overruling it, as the sufficiency of some of the paragraphs is not questioned.   The demurrer in the body thereof was

in form as follows: "The defendant Emillus Case demurs to each paragraph of the plaintiff's complaint on the ground that neither of said paragraphs states facts sufficient to constitute a cause of action against him." This demurrer, we think, was sufficient to enable and to require the court to apply it to the paragraphs of the complaint distributively. It was addressed to each paragraph, and though not in every respect conforming to grammatical rule, it attacked each paragraph on the ground that neither of them stated facts sufficient. The objection that it was joint can not be sustained. See *Terre Haute, etc., R. Co.* v. *Sherwood* (1892), 132 Ind. 129, 17 L. R. A. 339, 32 Am. St. 239; *Mitchell* v. *Stinson* (1881), 80 Ind. 324; *Indiana, etc., R. Co.* v. *Dailey* (1887), 110 Ind. 75; *Funk* v. *Rentschler* (1893), 134 Ind. 68; *Baltimore, etc., R. Co.* v. *Little* (1897), 149 Ind. 167; *Silvers* v. *Junction R. Co.* (1873), 43 Ind. 435, and cases cited.

2. Again, it is pointed out by counsel that the note in suit was introduced in evidence, and is set forth in the bill of exceptions containing the evidence, in the record before us, and it is claimed that therefore the error in overruling the demurrer to the first paragraph of complaint is not available on behalf of the appellant. This claim can not prevail, for in determining the question involved in such an assignment of error the evidence can not be resorted to by this court in aid of the pleading. The evidence was introduced to enable the jury to find upon the facts in issue, and we may look to it in its entirety to ascertain whether or not it was sufficient to sustain the verdict, but evidence of a fact in the record on appeal is not to be regarded by the appellate tribunal in passing upon a ruling on a demurrer to a pleading, as a fact established, but only as evidence; the province of determining what it proves belonging to the triors of the facts. If the existence of a fact has been specially found from the evidence by the court or the jury trying the facts, it may be said that such fact is to be

regarded by the court on appeal as established for the purposes of the case other than in the investigation of the question whether the finding was sufficiently sustained by the evidence.    We therefore can not decide that an essential fact omitted in pleading existed because it appears in evidence.    This conclusion has been many times stated in the published decisions.

The verdict in this case was general, without any special findings in answer to interrogatories.    The amount was larger than could have been recovered properly on the first paragraph of the complaint alone.    In the complaint it was alleged that the note provided for the payment of attorney's fees, but it does not appear from the complaint that any standard for determining the amount thereof was stated in the note.    There was an answer in denial of each paragraph of the complaint, an answer of payment addressed to the whole complaint, and an answer that the note was executed without consideration.    There was also an answer of set-off to all the claims in the complaint.    It is plain that we can not determine with proper certainty what sum, if any, entered into the amount of the verdict, or ought to have been included therein, upon the note.    We can not say that the ruling upon the demurrer was harmless.

The other paragraphs of the complaint have not been examined by us with reference to their sufficiency, no question thereon having been suggested by counsel for the appellant in their briefs.

The judgment is reversed, with instruction to the court below to sustain the appellant's demurrer to the first paragraph of complaint.