### 931. WILSON *v.* CARTER *et al.*

Where the payee of a promissory note, given for patent-right territory, procures it to be executed, by stipulating with the maker that he, the payee, will furnish experienced men to canvass for the maker, and sell enough territory to pay off the note, a total breach of this stipulation is a good defense to a suit brought by a holder of the note who bought it with notice of the breach and the consequent failure of consideration.

Complaint, from city court of Wrightsville—Judge Faircloth. December 21, 1907.

Submitted February 18,—Decided May 18, 1908.

*E. L. Stephens,* for plaintiff.

*A. L. Hatcher, B. B. Blount,* for defendants.

HILL, C. J. Wilson, claiming to be a bona fide holder for value before maturity, brought suit on three promissory notes, against the makers. The defendants admitted the execution of the notes, but denied that Wilson was a bona fide holder, and further set up that the notes were without consideration. In elaboration of the plea it was averred, that the notes sued on were given by the defendants to the payees therein for territory of what the payees represented to be a patent bridle-bit, and in further consideration of an agreement by the payees to furnish to them experienced men in the business, to canvass the territory for them until their commissions would amount to a sufficient sum to pay the notes; and that they were induced, by this representation and agreement which constituted the consideration of the notes, to sign them; but that the representation that the bridle-bit was patented was untrue, and that the agreement to send experienced men to canvass the territory, so as to pay off the notes by commissions, was not performed by the payees, and that consequently there was a total failure of

consideration for the notes, and that the plaintiff was put on notice of all these facts before the notes were transferred to him. A demurrer was filed to this plea, on the ground that it was an attempt to add to, alter, or vary the terms of a written contract, by contemporaneous parol agreement. This demurrer was overruled, and exception pendente lite was allowed. On the trial a verdict was found for the defendants, and the plaintiff filed a motion for a new trial, which was denied. There are several immaterial assignments of error, but the foregoing statement presents the only material question.

The defense relied upon was not an attempt to vary the terms of the notes, but to show that they were without consideration. This can always be done when the suit is by the original payee. When the suit is brought by one claiming to be a bona fide holder for value before maturity, before a defendant can make a defense of this character the plea and the proof must negative the allegation and the presumption of law that the plaintiff is a bona fide holder. *Harrell* v. *National Bank,* 128 *Ga.* 504 (57 S. E. 869). In this case the evidence was sufficient to establish the fact that before the plaintiff had purchased the notes, the defendants put him on notice of all the facts tending to show that the consideration for the notes had utterly failed, as set out in the plea. He was, therefore, not a bona fide holder before maturity, and, if the notes were without consideration, was not entitled to recover.

It was further insisted that the defendants had not made out their defense of total failure of consideration, but that the evidence in their behalf established only a partial failure of consideration, this contention being based on the omission to show that the bridle-bit sold to the defendants was not in fact patented. The consideration of the notes was the purchase of the territory for the patented bridle-bit, coupled with the agreement of the sellers of the patent rights, who were the payees in the notes, to furnish to the defendants experienced men to canvass the territory and sell enough rights therein to fully pay off the notes before maturity. The two parts of the consideration were interdependent, and a total failure by the payees to comply with their agreement constituted a breach of the contract, and rendered worthless the consideration on which the notes were based. *Underwood* v. *Bass,* 1 *Ga. App.* 623 (57 S. E.

953) ; *Crooker* v. *Hamilton, 3 Ga. App.* 190 (59 S. E. 722) ; *Toombs* v. *West,* 94 *Ga.* 280 (21 S. E. 522).

The verdict is fully supported by the evidence, and the judgment refusing another trial is                           *Affirmed.*