CORN v. BERGMANN et al.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. EVIDENCE (§ 420*)—TESTIMONY AFFECTING WRITING—ADMISSIBILITY.

It appearing that a firm sued for breach of a claimed agreement to lease wrote a note to plaintiff, stating, "We hereby lease from you * * * for the term of five years, * * * at the annual rental of $8,375, the leases for same to be drawn in the usual form employed by you and to be executed as soon as presented to us," testimony was properly admitted to show that, when the note was delivered to plaintiff's agent, he stated that it was understood to be an offer only, which might be accepted or rejected by plaintiff, and that, before he came to a conclusion, he would have to look up defendants' references; that plaintiff's agent stated that he would let defendants know by a certain date whether the offer was accepted; that, if he did not do so, "the deal would be off"; and that, not being so notified, defendants afterward refused to lease,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the testimony not being inadmissible as tending to modify a written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944; Dec. Dig. § 420.*]

2. EVIDENCE (§ 420*)—PAROL EVIDENCE AFFECTING WRITING—ADMISSIBILITY.
Parol evidence to show that a writing was delivered under conditions not met is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944; Dec. Dig. § 420.*]

3. EVIDENCE (§ 242*)—ADMISSIONS BY AGENT—ADMISSIBILITY.
An admission made by an agent authorized to procure a lease beyond the scope of his authority does not bind his principal.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 893–907; Dec. Dig. § 242.*]

4. WITNESSES (§ 405*)—CONTRADICTION ON COLLATERAL MATTERS—INADMISSIBILITY OF TESTIMONY.
Testimony is inadmissible to contradict a witness on a collateral matter brought out on cross-examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. § 405.*]

Appeal from Trial Term, New York County.

Action by Henry Corn against Samuel Bergmann and another. Judgment dismissing the complaint, and plaintiff appeals. Reversed and new trial ordered.

See, also, 138 App. Div. 260, 123 N. Y. Supp. 160.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George Hahn, for appellant.
William Henry Corbitt, for respondents.

McLAUGHLIN, J. On September 17, 1907, the plaintiff's agent, one Kohn, went to the defendants' place of business for the purpose of leasing to them the fifth and sixth floors of a building owned by his principal, located at 32–36 West Eighteenth street, New York City. He had an interview with the defendants, at the conclusion of which they signed and delivered to him the following writing:

"New York, Sept., 17th, 1907.

"Mr. Henry Corn—Dear Sir: We hereby lease from you the fifth and sixth floors in the building now being erected by you at 32, 34 and 36 West 18th street, New York City, for the term of five years, beginning Feby. 1st, 1908, at the annual rental of $8,375 (eight thousand three hundred and seventy-five dollars), the leases for same to be drawn in the usual form employed by you and to be executed as soon as presented to us.

"Yours truly,                                    Samuel Bergmann.
                                                  "D. Turkel."

Kohn then took the writing to the plaintiff, who wrote at the bottom of it the words, "Accepted, Henry Corn." No notice of the acceptance was given to the defendants until the 20th of September, when a lease was tendered to them, which they refused to execute, and they never did execute a lease, go into possession of the premises mentioned, or pay the rent. This action was brought to recover the damages alleged to have been sustained by the plaintiff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There have been two trials. On the first the complaint was dismissed on the ground that the writing was insufficient to take the case out of the statute of frauds, but on appeal the judgment was reversed and a new trial ordered. Corn v. Bergmann, 138 App. Div. 260, 123 N. Y. Supp. 160. On the last trial the defendants had a verdict and the plaintiff again appeals, claiming that the judgment should be reversed for errors in the admission of evidence. [1] One of the errors alleged is that testimony was admitted against the plaintiff's objection tending to show that, when the writing was delivered to Kohn, he stated it was understood it was an offer only, which might be accepted or rejected by the plaintiff, and, before he came to a conclusion, he would have to look up the defendants' references; that the defendants then stated to Kohn that they must know by the 19th of September whether the offer was accepted and Kohn then said he would let them know by noon of the 19th; that, if he did not do so, "the deal would be off altogether"; that, not having been informed on the 19th of the plaintiff's acceptance, they thereafter refused to execute a lease. It is urged the court erred in receiving testimony to this effect because it tended to modify and change a written contract; that is, the written offer.

I am of the opinion that the testimony was admissible. The writing, at most, was but an offer, and did not become a binding contract until accepted by the plaintiff. The provision in the writing that "the leases for same to be * * * executed as soon as presented to us" gave the plaintiff a reasonable time within which to present the leases, but the writing itself did not specify any time within which the plaintiff had to accept the offer. Therefore, that could be supplied by parol. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63; Eagle Iron Works v. Farley, 83 App. Div. 82, 82 N. Y. Supp. 503; affirmed 178 N. Y. 595, 70 N. E. 1098. Defendants had a right to prove that at the time the offer was given it was orally agreed that, if not accepted by a certain time, it should be of no effect. Such agreement did not vary the writing. On the contrary, it was in the nature of a condition precedent to there being any contract at all. If this agreement were made, and the jury found it was, then the minds of the parties never met upon the subject of a lease, because the condition was not complied with.

[2] Parol evidence tending to show that a writing is delivered under certain conditions which have not been complied with is admissible. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Juilliard v. Chaffee, 92 N. Y. 535; Bookstaver v. Jayne, 60 N. Y. 146; Benton v. Martin, 52 N. Y. 570. The Benton Case is cited with approval in the Higgins Case; Judge Martin, who delivered the opinion, saying that case held:

"That instruments not under seal may be delivered to one to whom they are payable upon conditions, the observance of which is essential to their validity; that the annexing of such conditions to the delivery is not an oral contradiction of the written obligation; that, as it needs a delivery to make an obligation operative, the effect of it and the extent to which the instru-

ment is to become operative may be limited by the condition attending its delivery. * * *"

In the Bookstaver Case it was held that any instrument not under seal may be delivered upon conditions, the observance of which between the parties is essential to its validity. The defendants, therefore, within the rule laid down within these authorities and many others that might be cited to the same effect, had the right when they delivered the writing to Kohn to attach to such delivery a condition that they must be notified by 12 o'clock on the 19th, otherwise the offer would be ineffectual. The court therefore did not err in admitting testimony to show such oral agreement.

[3] I am, however, of the opinion that the court did err in permitting defendants' witness Hornstein, the broker who introduced Kohn to the defendants, and who was present at the interview referred to, to testify that he had a conversation with Kohn on the 20th of September, when Kohn informed him that the defendants would not execute a lease because he (Kohn) had not presented the lease or notified them of plaintiff's acceptance on the 19th; that Hornstein then said to Kohn "You agreed to go yesterday, why didn't you go?" to which Kohn replied, "I was in court all day." This testimony was introduced evidently for the purpose of supporting defendants' version of the transaction that they were to be notified of the acceptance on the 19th. Obviously, it was incompetent as an admission against the plaintiff. Kohn was plaintiff's agent to procure a lease, and, when he made the admission referred to, he clearly was not acting within the scope of his authority. His admission could not therefore bind the plaintiff.

In Goetz v. Metropolitan Street Ry. Co., 54 App. Div. 365, 66 N. Y. Supp. 666, it is said that:

"Declarations of an agent are not competent to charge a principal upon proof merely that the relation of principal and agent existed at the time when the declarations were made. Something more must be shown. 'It must further appear that the agent at the time the declarations were made was engaged in executing the authority conferred upon him, and that the declarations related to and were connected with the business then depending so that they constituted a part of the res gestæ.'"

Here Kohn denied that the writing was delivered with any conditions or that any oral agreement was made. The testimony of Hornstein that Kohn made the admission to which he testified was erroneously admitted, and the jury may have relied upon that in determining whether the oral agreement were made.

[4] I also think the court erred in permitting Hornstein to contradict Kohn as to a collateral matter brought out on the latter's cross-examination. Kohn testified on cross-examination that he had made an attempt prior to the trial to subpoena Hornstein as a witness, but was unable to do so because he did not know his address, that he had seen him some time during the preceding spring, but had not spoken to him, and that he did not at that time know where to locate him. Hornstein was then permitted to testify that when Kohn saw him was not in the spring, but in the summer; that they conversed together and that he said to Kohn, "You had better put down my ad-

dress, where you can find me if you want to"; that Kohn did so, and then Hornstein said, "My office is right on the other corner." This testimony was introduced solely for the purpose of attacking the credibility of Kohn. It had no connection whatever with the issue being tried, and the only effect of it was to contradict Kohn upon a collateral matter elicited upon his cross-examination. It was therefore inadmissible.

In Lumley v. Torsiello, 69 App. Div. 76, 74 N. Y. Supp. 567, this court said, in speaking of evidence offered merely to contradict a statement of a witness upon a collateral matter brought out on cross-examination:

> "It is true that she testified that she had never written these letters to the defendant; that she had never written to him at all, but this testimony was drawn out by the defendant upon the plaintiff's cross-examination, and was purely a collateral fact, having no relation to the transaction upon which the cause of action was based, and the defendant was not entitled to ask the plaintiff upon cross-examination as to such a collateral fact and then introduce evidence tending to show that her statements were not true, for the purpose of contradicting her or impeaching her."

See, also, Potter v. Browne, 197 N. Y. 288, 90 N. E. 812.

The judgment and order appealed from therefore are reversed and a new trial ordered with costs to appellant to abide event. All concur.