11524.  PITTSBURG PLATE GLASS CO. *v.* AUSTIN.

The verdict was authorized by evidence, and for no reason assigned
was it error to overrule the motion for a new trial.

DECIDED JULY 14, 1920.

Complaint; from Irwin superior court — Judge Eve.   March
31, 1920.

*Winfield Payne Jones, Melvin Meeks,* for plaintiff.

*Quincey & Rice,* for defendant.

LUKE, J.   The plaintiff sued upon a promissory note, and the
defendant pleaded that the note was given to suppress a criminal
prosecution against one Hudson, an employee in the plaintiff's of-
fice, who was alleged to be short in his accounts; and, further, that
it was given with the express understanding that Hudson would be
retained in the employ of the plaintiff, and that a certain sum would
be deducted monthly from his salary and applied to the note, until
payment of the note in full, but that immediately after the note
was given he was peremptorily discharged from the plaintiff's
employment.   The evidence for the plaintiff, if believed by the
jury, would have authorized a verdict for it, and the evidence for
the defendant would have authorized a verdict for him.   The jury
believed the defendant's side of the case and found a verdict in
accordance therewith.   This verdict has the approval of the trial
judge.   The charge of the court was full and fair and submitted
clearly the issues raised by the pleadings, and is not subject to the
criticisms urged.   For no reason assigned was it error to overrule
the motion for a new trial.   See *McConnell* v. *Cherokee National
Bank,* 18 *Ga. App.* 52 (88 S. E. 824), and cases cited: *Jones* v.
*Dannenburg,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271);
*Wilson* v. *Carter,* 4 *Ga. App.* 349 (61 S. E. 494).

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., con-
cur.*