THE INDEPENDENT HARVESTER COMPANY LIMITED, Apellant, v. ANDERSON, Respondent.

(186 N. W. 112.)

(File No. 4752.   Opinion filed December 20, 1921.) '

1.  Evidence—Note For Corporate Stock and Harvester Shareholding Membership, Contract, Recovery On—Defense of False Representations, Failure of Consideration, Oral Evidence, Admissibility.

That absence or failure of consideration for a written contract may be shown by parol is elementary; such defense may be interposed in a suit on a promissory note, as well as other written contracts; this under Sec. 1732, Code 1919 (Sec. 28, Un. Neg. Inst. Act) providing that absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise.  So held, where the oral testimony showed that payee's agent represented that possession of the share would entitle the maker to become a share-holding member of payee's local machinery sales branch, that payee company would put in a line of machines there, and keep repairs on hand, etc., defendant maker being a farmer in the vicinity; a further benefit thereunder being the right to purchase machinery at a discount from regular price, "The Confidential Discount Sheet to Members" being silent as to whether such discounts were upon price at factory or retail price in defendant's locality; that oral evidence was competent to define and explain the· understanding of the parties at time contract was executed.

2.  **Negotiable Instruments—Insolvent Payee, Assignee Through Federal Receiver, Whether Bona Fide Holder.**

>   One who became owner of a promissory note through a federal receiver's sale, the payee having become insolvent, is not a bona fide holder thereof.

3.  **Evidence—Note Embracing Stock Subscription Contract With Payee, Stock Share As Recited Consideration, Stock Certificate Under, Whether Conforming to Contract, Presumption Re When Dehors Record.**

>   Where a promissory note in suit, recited on its face that the consideration therefor was one share of "Preferred Machinery Discount Stock" in payee company, and a certificate of stock was issued pursuant thereto, held, in absence of the stock certificate from appeal record, Court will assume it was in accordance with terms of subscription contract; also, that the stock certificate itself was not the actual consideration; the real consideration being the benefit the subscriber would receive by reason of his ownership of the stock. So held, where the contract did not purport to define the rights or benefits derivable thereunder.

4.  **Contracts—Oral Evidence Re Consideration, Exception Under Statute—Limitation of Exception—Rule Stated.**

>   Following DeRue v. McIntosh, 26 S. D. 42, held, that, construing Sec. 1239, Civil Code (Sec. 860, Code 1919), providing that execution of a contract in writing, whether the law required it to be written or not, supersedes all oral negotiations or stipulations concerning its matter, which preceded or accompanied execution of the instrument, an exception exists, i. e., that agreements or representations made prior to the written contract under which the party was induced to sign it may be shown, where the parol contemporaneous agreement forms part of the consideration for a written contract, and where latter was executed upon the faith of the parol contract or representations. And, in view of the uncertainty and ambiguity in the writing in the instant case, concerning actual consideration for the note, oral evidence was competent to show actual consideration and that it had failed; such evidence not tending to show an independent collateral contract as a consideration, but relates to compliance with the actual terms of the contract; that exclusion of parol evidence of such agreement is justified only on ground that mere possession of a written instrument in form a promissory note, by payee therein, is conclusive of his right to hold it as the absolute obligation of maker; that where the suit is between the original parties the inquiry is: Has plaintiff established existence of a completed contract entered into on a valid and still subsisting consideration? If so the writing speaks for itself, and contemporaneous parol agree-

ments inconsistent with it are inadmissible to create liability; but in determining whether contract was complete, and founded on such consideration, the transaction involved is open to investigation, and testimony bearing on either point is relevant; but this must include acts and conversations at the time so far only as they bear upon question of completion of and consideration for the alleged contract; that the limitation on this exception to the general rule is that while evidence is inadmissible which will have effect of invalidating the written contract, it is as evidence of such transaction, which limitation does not exclude evidence of failure of consideration, even though consideration is recited in the writing, unless the oral evidence would change legal effect or character of the written contract

Appeal from Circuit Court, Moody County. Hon. JOHN T. MEDIN, Judge.

Action by the Independent Harvester Company, Limited, a corporation, against J. M. Anderson, upon a promissory note embodying a corporate stock sale contract. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Cherry & Marker,* for Appellant.

*Krause & Krause,* for Respondent.

(4) To point four of the opinion, Appellant cited: Seitz v. Brewers, Etc. Machine Co., 141 U. S. 510, 35 L. ed. 837, 12 Sup. Ct. Rep. 46; Rosholt v. Woulph, 40 S. D. 269; Cook on Corp. Vol. 1, Secs. 137, 138; Fletcher's Cyclopedia, Corporations, Vol. 2, Sec. 577; Cook on Corp. Sec. 81; 2 Beach on Private Corporations, Sec. 531; Acme Harvester Co. v. Barkley, 22 S. D. 458.

Respondent cited: Harney v. Wirtz (N. D.) 152 N. W. 808; DeRue v. McIntosh, 26 S. D. 42; D. M. Osborne & Co. v. Stringham, 1 S. D. 406; 1 Greenl. Ev. Sec. 298; 6 R. C. L. Sec. 228; Phoenix Pub. Co. v. Riverside Clo., 55 N. W. 912.

SMITH, J. Action on a promissory note given by defendant as a consideration for a contract of subscription to the stock of the Independent Harvester Company, Plano, Ill. The note was dated September 23, 1912, and became due and payable on or before November 1, 1913. The note and subscription contract were executed the same day, and delivered to one Moore, agent of the corporation, and by him forwarded to the corporation at Plano, Ill.

The complaint alleges that the Independent Harvester Company became insolvent on or about December 11, 1917, and thereafter such proceedings were had in the federal courts that a receiver was appointed, who took possession of the assets of the insolvent company, including the note sued on, and under the order and direction of said courts all the property, assets, and business of the corporation, including the note, were sold at receiver's sale on April 27, 1918, and plaintiff became the purchaser, and is now the owner and holder thereof. The answer admits the execution and delivery of the note and subscription contract; the latter instrument being in words and figures as follows:

"The Independent Harvester Co.
"Date Sep. 23, 1912. No. 44446.

"I hereby subscribe for and agree to take one share of the preferred machinery discount stock of the Independent Harvester Co., Plano, Ill. (fully paid and nonassessable) and hereby acknowledge a consideration for this agreement, and agree to pay for said stock the sum of one hundred and fifteen dollars, terms to be cash, or my note of even date for $115.00, due Nov. 1, 1913, bearing interest at the rate of eight per cent. from the date hereof, said note to be made payable to the Independent Harvester Co. and stock certificate for the amount of my subscription to be sent to my address by registered mail.

"This agreement executed in duplicate, and my note as described above being delivered to the representative of the Independent Harvester Co., named below.

"Name, J. M. Anderson, [Seal.]
"Post Office, Dell Rapids, S. D."

"R. F. D. No. 6, Box.
"J. A. Moore.

"(All contract obligations other than expressed above must be approved and executed by the officers of the company.)

"This form to be sent to the company."

The defendant admits receiving a certificate of stock, namely "A preferred discount certificate," etc., on November 26, 1912.

At the trial defendant, under appropriate allegations in the answer, sought and was permitted to prove by oral testimony, over proper objections, certain representations, statements, and

agreements alleged to have been made by the agent of the Independent Harvester Company at the time the note and subscription contract were signed, which were, in substance, as follows: That the defendant was extensively engaged in farming near the town of Trent, which was his trading point; that he used and found it necessary from time to time to purchase all kinds of farm machinery and vehicles and extra parts and repairs for the same; that on September 23, 1912, he was visited on his farm by Moore, an agent of the Independent Harvester Company, who solicited him to become a shareholding member of its local machinery sales branch at the town of Trent, stating and representing that the Independent Harvester Company was going to put in a full line of machines at Trent and keep repairs on hand the following spring; that he wanted "us farmers" to subscribe to this stock so as to make it an inducement to them to put in such supply of machinery and repairs, and that in case the company failed to do this the notes and membership certificates would be "null" and "no good"; that farmers subscribing for such stock would get a discount of from 15 to 25 per cent. on machinery bought, and at the same rate less than we could buy other makes of machines, and delivered to defendant the price list of such machinery, entitled "Confidential Price List of Independent Machines," containing a schedule of different kinds of machines with double column prices, one column showing prices to members, and the other to nonmembers, and represented that the company would establish a warehouse at Trent in the spring of 1913; that defendant believed and relied upon these statements, and that there was no consideration for the note except as above stated.

It is shown that the company wholly failed to perform such agreement. The plaintiff offered no evidence in rebuttal, but at the close of all the evidence moved for a directed verdict whereupon defendant also moved for a directed verdict. The court granted defendant's motion, and thereafter made and filed findings of fact, to the effect that because the payee named in the note had failed to perform the conditions upon which the defendant's subscription for a membership share of the stock was based, and of the loss of the benefits thereunder, the consideration of said note had wholly failed. Appellant, by its assignments of error, questions the competency of this oral evidence upon the sole ground

that it varies and changes the terms of the written note and subscription contract. Appellant in effect concedes that if the oral evidence is competent, it is sufficient to sustain the verdict, findings, and judgment.

[1, 2] The rule that absence or failure of consideration for a written contract may be shown by parol is so elementary as to require no citation of authorities. That such a defense may be interposed in an action upon a promissory note, as well as other written contracts, is made clear by our statute (section 1732, R. C. 1919; section 28 Un. Neg. Inst. Act), which reads as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

That the plaintiff is "not a holder in due course" is clear. It follows that the sole and decisive question upon this appeal is the competency of the oral evidence offered and received at the trial.

[3] The written contract of subscription to stock on its face recites that the consideration for the note was one share of the "preferred machinery discount stock of the Independent Harvester Company, Plano, Ill. (fully paid and nonassessable)," to be thereafter delivered to the defendant, and which was in fact so delivered. The certificate of stock is not in the record, but we may assume that it was in accordance with the terms of the contract of subscription. Surely we may also assume that the mere paper certificate of stock itself was not the actual consideration for the note. The real consideration was the right or benefit which the subscriber would become entitled to receive by reason of his ownership of the stock. The written contract does not purport to define such rights or benefits. So far as it discloses anything, it only entitles the holder to certain undefined discounts on future purchases of machinery. As to what machinery, or where to be purchased or delivered, it is silent. Both are elements constituting an important part of the consideration for the note. If it be assumed that the "Confidential Discount Sheet to Members," which defendant received when he signed the subscription, constitutes a portion of the written contract, such discount sheet is wholly silent as to whether such discounts are to be computed upon prices at the factory, or on the retail prices at which the

same may be sold at the town at which the subscriber may buy such supplies. On these matters the written contract is wholly indefinite and uncertain. We are of the view that oral evidence was competent to define and explain what was understood by and was in the minds of both parties at the time the contract was executed. In the light of the oral evidence it is perfectly clear that at least a portion of the consideration for the note was the right of the defendant to purchase and receive machinery at the town of Trent, of the kind described in the Confidential Discount Sheet, at the discount rates named therein.

This court in De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532, construing section 1239, Civil Code (section 860, R. C. 1919), which provides that:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."
—says:

"One of the exceptions seems to be that agreements or representations made prior to the written contract under which the party was induced to sign the contract may be shown: In other words, where the parol contemporaneous agreement * * * forms part of the consideration for a written contract, and where he executed the written contract upon the faith of the parol contract or representations, such evidence is admissible."

In Corn v. Bergmann, 145 App. Div. 218, 129 N. Y. Supp. 1049, where defendant had agreed in writing to execute a lease as soon as presented, it was held that he might show an oral agreement that if he were not notified of an acceptance of the offer by a certain time the contract for a lease should have no effect. See Nightengale v. Eagle, 141 App. Div. 386, 126 N. Y. Supp. 339; Trademan's National Bank v. Curtis, 38 App. Div. 240, 57 N. Y. Supp. 121.

In Benton v. Martin, 52 N. Y. 570, it was held that instruments not under seal may be delivered to the one to whom upon their face they are made payable, upon conditions the observance of which is essential to their validity.

[4] In the case at bar the oral evidence conclusively establishes the fact that the maintenance of a machinery warehouse at

the town of Trent, where subscribers to the stock might exercise their right to purchase machinery at certain discounts, was essential to the validity of the note sued on, was one of the inducements to the signing of the subscription contract and note, and was an essential element which gave value to both. In this case the uncertainty and ambiguity in the writing pertain to the actual consideration for the note, and we are of the view that oral evidence was competent to show the actual consideration, and that such consideration had failed in whole or in part. Such evidence does not tend to show an independent collateral contract as a consideration, but relates to a compliance with the actual terms of the contract, and in no wise added to or contradicted anything contained therein. Railway Co. v. Smith, 22 S. D. 210, 116 N. W. 1120.

We do not consider the decision in Bank v. Klaveness (C. C. A.) 264 Fed. 40, as applicable in this case.

We think, as was said by Justice Harlan in Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698, that—

"The exclusion of parol evidence of such an agreement could be justified only upon the ground that the mere possession of a writen instrument, in form a promissory note, by the person named in it as payee, is conclusive of his right to hold it as the absolute obligation of the maker."

In Leighton v. Bowen, 75 Me. 504, Judge Barrows states the rule as follows:

"Where the suit [on a promissory note] is between the original parties the inquiry is: Has the plaintiff established the existence of a completed contract entered into upon a valid and still subsisting consideration? If so, the writing must speak for itself, and contemporaneous parol agreements, inconsistent with it, are inadmissible to affect the liability thereby assumed. But in determining whether the contract was complete, and founded upon such consideration, the transaction out of which it grew is open to investigation, and the testimony of competent witnesses bearing upon either of those points is relevant. This must include the acts and conversation of the parties at the time, so far only as they have a bearing upon the question of the completion of, and the consideration for, the alleged contract."

See, also, cases sustaining this view. Billings v. Everett, 52 Cal. 661; Jefferson v. Hewitt, 103 Cal. 624, 37 Pac. 838; Louchheim v. Maguire, 186 Pa. 311, 40 Atl. 475; Dodge v. Oatis, 27 Kan. 762; Harkness v. Briscoe, 47 Mo. App. 196; Mitchell v. Stinson, 80 Ind. 324; Andros v. Childers, 14 Or. 447, 13 Pac. 65; Toombs v. West, 94 Ga. 280, 21 S. E. 522.

The limitation upon this exception to the general rule appears to be that oral evidence is not admissible which will have the effect of invalidating the written contract itself as evidence of the transaction between the parties. But this limitation does not exclude evidence of failure of considerations, even though the consideration is recited in the writing, unless such oral evidence would change the legal effect or character of the written contract. 22 C. J. 1171, §§ 1568, 1569.

The order and judgment of the trial court are affirmed.