[Filed January 26, 1887.]

# M. ANDROS v. JOHN A. CHILDERS.

PROMISSORY NOTE—FAILURE OF CONSIDERATION—DEFENSE. — In an action upon a promissory note, where the defense is that said note was given for medical services, upon a contract that if the payee did not permanently cure the patient he should receive no compensation, and that he falsely represented that he had so cured her, thereby inducing the defendant to execute the note, these facts are sufficient, if established on the trial, to show failure of consideration.

JUDGMENT NON OBSTANTE—PLEADING, WHEN AIDED BY VERDICT.—After a verdict for the defendant upon such an issue, the fact that the defense is defectively pleaded will not justify a judgment non obstante, unless it be totally defective in some essential particular. A defective statement of a good defense will be aided by verdict.

UMATILLA COUNTY.    Defendant appeals.    Reversed.

*Wm. M. Ramsey* and *J. W. Shelton*, for Appellant.

*C. H. Finn*, for Respondent.

THAYER, J.—The respondent commenced an action in the circuit court for the county of Union, against the appellant, upon a certain promissory note, executed by the appellant on the 27th day of August, 1879, for the sum of $159.50, payable to the order of one H. R. Garner, one day after date, with interest thereon at the rate of one per cent. per month ; and alleged that he was the owner and holder thereof; and that the same was due and wholly unpaid. The appellant, after having demurred to the complaint, and the same had been overruled by the court, filed an answer, denying the respondent's ownership of the note ; and for a further defense, alleged that the payee named in the note, at and prior to the date thereof, was a physician and surgeon, practising his profession at La Grande, Oregon; that about April, 1879, said Garner and appellant entered into a special contract, by the terms of which said Garner, as such physician and surgeon, undertook and agreed to treat appellant's wife for a disease of which she had been suffering, the name and character of which were and are unknown to appellant ; and by the terms of said agreement said Garner expressly agreed that he would permanently cure

appellant's wife of her said disease, and if he failed to so cure her, he would not charge appellant anything for his services in treating her, the appellant agreeing to pay for all medicines used by said Garner in the treatment, which he did ; that under said agreement, said Garner treated his wife until about August, 1879, when he represented to appellant that she was cured ; and that, relying upon and believing said representations of said Garner to be true, appellant made and delivered to him the said promissory note ; that the only consideration for which he gave the note was the supposed curing by said Garner of appellant's wife of her disease ; that said representation that his wife was cured of her disease was wholly false, and that the consideration for the giving of the note had wholly failed.

The respondent, after demurring to the new matter of defense in the answer, and the court had overruled the demurrer thereto, filed a reply denying the allegations thereof, and alleged therein a general employment by the appellant of the said Garner, as such physician and surgeon, at various and divers times in 1878 and 1879, to treat appellant's wife and other members of his family for sickness ; that said Garner performed services in and about said employment, and prescribed drugs and medicines during said time, for which the appellant agreed to pay him such compensation as the same were reasonably worth; that on August 29, 1879, said appellant, well knowing the facts and circumstances, and without any deceit or false representations upon said Garner's part, executed and delivered to said Garner, for and in consideration and the settlement of said services, the said promissory note.

The case was tried by a jury upon these issues, and they returned the following special and general verdict: " We, the jury in the above entitled action, find that the plaintiff is now the owner of the note sued on."

" We, the jury in the above entitled action, find that the plaintiff was at the commencement of this action the owner and holder of the note sued on in this action."

" We, the jury in the above entitled cause, find for the defendant."

The respondent's counsel thereupon filed a motion for judgment notwithstanding the general verdict, and that it was inconsistent with the specific findings; which motion was granted by the court, and which is the judgment appealed from.    It is conceded by the respondent's counsel, that the allegations in the complaint " plaintiff is the owner and holder of said note for value by assignment, transfer and purchase," were not sufficient to establish that he was such an owner and holder thereof as would preclude any defense against it that could have been made against it in the hands of the payee ; but he claims that the new matter of defense set out in the answer was not sufficient to constitute a defense against the note, if the action had been between the original parties.    This seems to be the main question in the case.    If the new matter was insufficient as a defense, the court should have sustained the demurrer.    If a demurrer would not lie in such a case, a motion *non obstante veredicto* certainly ought not to be allowed ; it would be illogical, and is contrary to the provisions of the statute.    Section 263, Civil Code, provides that such a judgment may be given when the facts stated in the pleading do not constitute a cause of action or defense, and that such objection has not been taken by demurrer or answer.    It cannot be claimed that the special findings of the jury in regard to the respondent's being the holder and owner of the note were sufficient, in view of the general verdict, to entitle him to a judgment, if the new matter were sufficient to constitute a defense.    Whether such new matter did constitute a defense or not must be considered, in connection with the fact of the verdict having been given thereon.    It is entitled, under the circumstances, to the aid of every reasonable inference that can be drawn therefrom.    Nor will it be held insufficient for a defective statement thereof.    It must be totally defective in some essential particular.    There is a material difference between the defective statement of a title and a defective title.    A verdict will cure the former but not the latter.

The defense in this case attempted to be set forth in the answer was a failure of consideration of the note.    The verdict of the

XIV. OREG.—29.

jury in favor of the appellant is evidence that the facts alleged as new matter were proved at the trial. According to those facts, the appellant was to pay nothing unless Dr. Garner cured his wife. The doctor represented to the appellant that she was cured. The appellant believed the representations to be true, and was induced thereby to execute said note; but it turned out that she was not cured; that the representations were untrue, and that the doctor had not performed his undertaking. Such may not have been the real facts in this case, but as it is presented to us we must, as a matter of law, so conclude. We can only view the affair from a legal standpoint. If the contract was a conditional one—that there should be no compensation unless the physician cured the patient, and the physician failed to perform it, he was entitled to nothing. (*Mock* v. *Kelly*, 3 Ala. 387.) And if the physician represented the patient as cured when she was not, and the appellant, relying upon such representations, executed the note, there was a total failure of consideration. The facts alleged in the answer as new matter, if true, established these conclusions, and the verdict fully authenticates their truth. The judgment appealed from must therefore be reversed; the case remanded to said circuit court, with directions to that court to enter a judgment in favor of the appellant upon the said general verdict.