SNOW STEAM PUMP WORKS v. WM. DUNN, et al.

*Practice—Creditor   Not   Joining   in   Creditor's   Bill—
Independent   Action—Estoppel.*

Where, during the pendency of a creditor's bill, a claimant hav-
ing two separate debts against the debtors, one an unsecured
account and the other secured by mortgage, declined to par-
ticipate as a party plaintiff, and was not made a party
defendant, but asked and was allowed to interplead as to
the unsecured account, and, upon the appointment of
receivers of the debtors, obtained leave of court to bring,
and did bring, an independent action upon the mortgage
debt, and the court twice refused motions of the defendant
to consolidate such action with the pending creditors' bill ;
*Held,* that the plaintiff is not estopped to maintain the inde-
pendent action upon the mortgage debt by the judgment
rendered in the creditor's bill, which did not purport to
pass upon such claim.

CIVIL ACTION, instituted by the plaintiff, to enforce the
lien of a chattel mortgage, tried before *Graham, J.,* at
May Term, 1896, of CRAVEN Superior Court. It was
agreed by counsel that his Honor should pass upon the
questions of law raised by the pleadings, first, as to the
defendant's contention that plaintiff is estopped by the
judgment in the suit of *Delafield et al.* v. *Mercer Construc-
tion Co.,* (118 N. C., 105); and, second, that the chattel
mortgage was insufficient as to execution and probate to
create a lien against the material therein scheduled. His
Honor held that the plaintiff was estopped, as contended
by defendants, and rendered judgment accordingly, and
plaintiff appealed. The essential facts upon which the
contention was based are stated in the opinion of Associ-
ate Justice CLARK.

*Messrs. Allen & Dortch* and *C. R. Thomas,* for plaintiff (appellant).

*Messrs. Clark & Guion* and *M. D. W. Stevenson,* for defendants.

CLARK, J.: The plaintiff held two claims against the defendant, one for an open, unsecured account of $92, the other for $2,573, secured by mortgage. In the creditor's bill, brought by Delafield and others against the defendant, the Snow Steam Pump Co. was not a plaintiff, nor was it made a defendant by service of summons, nor by general appearance either in the action or before the referee. Indeed, the Snow Pump Co., when summoned before the referee, refused to take any part, and, appearing specially, excepted, so there was no ground to hold that the Snow Pump Co. was a party to the Delafield action generally so as to be estopped by any judgment therein. In truth, the Snow Pump Co. asked and was allowed to interplead, but only " as to the $92 claim," the order of *Graves, J.,* reciting " that said Snow Steam Pump Co. be made party defendant for said purpose." For no other purpose and to no other extent was said Snow Steam Pump Co. a party to the Delafield action. Its application to withdraw even that claim was denied by the court, and hence it is estopped as to the said $92 claim by the judgment in that case, but no further. As to the $2,573 mortgage, which is the subject of this action, the Snow Steam Pump Company was not only never a party in the Delafield action, but when receivers were appointed in that action it applied to the *judge* who appointed the receivers and obtained leave to bring this action against said receivers.

Thus, not only the Snow Steam Pump Co. was never a party to the Delafield action, as to the claim which is the subject of this action, either by service or general appear-

ance, but it appears (to exclude a conclusion) that, on the contrary, during the pendency of that action, it brought the present action, not only with the knowledge but with the assent of the judge having jurisdiction of the Delafield action, and said court twice refused motions by this defendant to consolidate this action with the Delafield action. The Snow Steam Pump Co. not being a party thereto as to this matter, the judgment therein did not purport to pass upon the claim which is the subject of this action, and could not have passed upon it. It is true in the Delafield action, in which this plaintiff was a party as to the $92 claim, it appealed, but on the ground that there should be no final judgment till this independent action and another independent action had been decided, (*Delafield* v. *Construction Co.*, 118 N. C., 105,) thus emphasizing that the subject-matter of this action was not before the court in the Delafield case so as to be passed upon by the judgment therein. This independent action was not then before the court, and any reference to it in the former opinion of this Court was merely incidental and *obiter*. In holding that the plaintiff is estopped as to this action by the judgment in the Delafield case there was error. *Jones* v. *Beaman*, 117 N. C., 259, 263 ; *Jordan* v. *Farthing, Ibid.*, 181, 188 ; *Temple* v. *Williams*, 91 N. C., 82. Upon the agreed state of facts the judgment should be entered below in favor of the plaintiff.

Reversed.