Argued February 25, reversed and remanded April 5, 1921.

## JOHNSON v. PRINEVILLE.

(196 Pac. 821.)

**Action—Single Cause of Action Arises from Breach of Entire Contract.**

1. Normally, only a single cause of action arises out of breach of an entire contract, the principle applying that no one can be twice vexed for the same cause of suit or action, a rule which is, however, subject to exceptions.

**Action—Rule Against Splitting Cause of Action may be Waived by Defendant.**

2. The rule against splitting a cause of suit or action is for the benefit of defendant, and he may waive the same expressly or by conduct amounting to a waiver.

**Action—By Consenting to Part Substitution of Arbitrator, City Agreed to Splitting of Cause of Suit to Set Aside Award.**

3. Where a city which had contracted for construction of a railroad grade consented to substitution of another's judgment as arbitrator for that of its own engineer in respect of a percentage classification as to part of the work, the city agreed substantially to splitting of the contractor's cause of suit against it to set aside the final estimate and award of the engineer; so far as the rights of the parties are affected by the arbitrator's award, plaintiff contractors have a separate cause of suit against defendant city.

Contracts—Action at Law Would not Lie to Enforce Award Where Only Part of Controversy Submitted.

4. Action at law would not lie to enforce the award of an arbitrator where only part of one element of the contention between the parties to the contract involved was submitted to the arbitration.

Municipal Corporations — Equity will Relieve Contractors from Situation Caused by City's Engineer in Departing from Award of Arbitrator by Reforming and Enforcing Award.

5. Where contractors to construct a railroad grade for a city and the city submitted to arbitration the matter of a percentage classification as to part of the work, but the city's engineer in making up his final estimate departed from the award of the arbitrator, equity will relieve the contractors from such situation by setting aside the award which otherwise would be binding at law, reforming it, and enforcing it as thus reformed by a decree in equity.

From Crook: JAMES U. CAMPBELL, Judge.

Department 2.

This is a suit companion to one of the same title, and like it arises from the same contract whereby the plaintiffs undertook to construct a railroad grade for the defendant city. The effort of the plaintiffs here is to revise the estimates and final award of the engineer as to that part of the work beyond station No. 343. The present complaint alleges the execution of the contract and the performance of it by the plaintiffs.

It is stated in substance that during the progress of the work a controversy arose between the parties as to the true classification of the material excavated, on that part of the grade beyond station 343 to the junction with the Oregon Trunk Railway; and that this dispute was referred to J. P. Newell, being submitted to him for determination of the classification

4. On application of doctrine of *res judicata* to item of single cause of action omitted from issue through ignorance, mistake or fraud, see note in 2 A. L. R. 534.

5. Specific performance of agreement to arbitrate, see note in 1 Ann. Cas. 31.

of the material on that part of the grade, under an agreement that the parties would be bound by his decision as to the classification. The complaint states in substance that, after the award was made as quoted in that pleading, the engineer of the defendant rendered his final estimate and in so doing departed from the award, with the intent of cheating and defrauding the plaintiffs, and to that end omitted quantities and structures from his final estimate and ignored and disregarded the determination of the arbitrator. The items which it is alleged he omitted are stated in the complaint. Moreover, that pleading includes a claim for the construction of certain road crossings, runways and bridges, and clearing willows, amounting to $721.80. The plaintiffs say that they discovered the fact that the engineer had disregarded the arbitrator's classification only when they were practically at the end of the trial of the companion suit; that they had no data in their possession or at their command by which they could check the engineer's estimate, and that they discovered the discrepancy only in their examination of records in his office, made under order of court granting them permission for that purpose. The substance of their prayer is that the court revise and reform the final estimate of the engineer as to the part of the work beyond station 343, both as to quantities and classification; that it be set aside and a correct estimate be made; and that compensation due the plaintiffs be determined and awarded them in the sum of $8,418.87; also, for such further relief as shall appear to be equitable.

To this complaint the defendant interposed a demurrer on the following grounds: First, that there is another suit pending between the parties, on the same

cause; second, that several causes of suit have been improperly united; and, third, that the complaint does not state facts sufficient to constitute a cause of suit. The court sustained the demurrer, and the plaintiffs refusing to plead over, a decree was entered dismissing the suit, from which the plaintiffs appeal.

REVERSED AND REMANDED.

For appellants there was a brief with oral arguments by *Mr. B. G. Skulason* and *Mr. W. E. Critchlow.*

For respondent there was a brief with oral arguments by *Mr. N. G. Wallace* and *Mr. Lake M. Bechtell.*

BURNETT, C. J.—Substantially, the only questions argued before us are that this suit amounts to a splitting of the plaintiffs' cause of suit, and that it is an effort to enforce an award by suit, when the only remedy in such case is by an action at law.

1. It is plain that the contract involved is an entire contract. The work was not to be done by installments. On the contrary, there was but a single task to be performed for a single compensation. Normally, only a single cause of suit or action would arise out of a breach of such a contract, so that the principle applies that no one can be twice vexed for the same cause of suit or action. There are, however, exceptions to this rule. The principle is thus stated in an exhaustive note to *Vineseck* v. *Great Northern Ry. Co.*, 136 Minn. 96 (161 N. W. 494), as reported in 2 A. L. R. 530, 534:

"While it is a well settled and familiar rule that a single claim, arising either on contract or in tort, cannot be divided and made the subject of several suits; and, if several suits be brought for different parts of a claim, a judgment on the merits in either will be

available as a bar to the other suits (see 15 R. C. L., title, Judgments, p. 965), there are certain well-recognized exceptions to the rule. Thus, where it appears that the plaintiff had no knowledge or means of knowledge of the omitted items, his ignorance will excuse him, and a judgment in the first action will not bar a subsequent action to recover on the omitted items'': Citing many authorities.

2. The rule against splitting a cause of suit or action is for the benefit of the defendant and he may waive the same either expressly or by conduct which amounts to a waiver. As stated in *Gerhart* v. *Fout,* 67 Mo. App. 423:

''The rule is not * * that a person cannot split his cause of action, but that he cannot split it without his debtor's consent.''

In *Edmonston* v. *Jones,* 96 Mo. App. 83, 91 (69 S. W. 741), it is said:

''Even the splitting of a cause of action amounts to nothing, if the party affected thereby consents to it.''

Analogous to the doctrine based on the consent of the defendant is the teaching of *Cook* v. *Vimont,* 22 Ky. (6 T. B. Mon.) 284 (17 Am. Dec. 157). There, Vimont had sued Cook on certain money accounts and was cast in judgment. Afterwards Cook admitted the claims of Vimont and promised to pay them. Upon this promise Vimont sued in the case reported, and it was held that the former judgment was not a bar, because the obligation of the new promise constituted a new and different cause of action. In the case of *Snow Steam Pump Co.* v. *Dunn,* 119 N. C. 77 (25 S. E. 741), the plaintiff had against the defendant an unsecured claim of $92 and another amounting to $2,573 secured by a mortgage. The plaintiff intervened in a creditor's suit against

Dunn as to the $92 claim only, and a judgment was rendered in that suit. It was held, however, that the decree there did not bar the plaintiff's suit to foreclose the mortgage. In substance, the two demands were of different classes and action on one did not bar suit on the other. Again, in *Ebersole* v. *Daniel,* 146 Ala. 506 (40 South. 614, 119 Am. St. Rep. 52), the defendant had given his note as part payment of an account he owed the plaintiff. The latter took judgment upon the note and the defendant paid that judgment. Afterwards the plaintiff sued for the balance of the account. The defendant pleaded the judgment on the note in bar, but his plea was overruled, the court holding that it did not constitute a splitting without the consent of the defendant.

3. So, in this case, if no arbitration had been had, there would have been but one cause of suit to set aside the final estimate and award of the engineer. That estimate was based upon and made up according to the judgment of the city engineer as to classifications and quantities. By agreeing to the arbitration of Newell, the judgment of Newell as to classification was substituted for that of the city engineer, thus creating a cause of suit having an entirely different basis from the one ordinarily arising out of the contract. By consenting to the substitution of Newell's judgment for that of its own engineer, the city agreed, substantially, to a splitting of the cause of suit.

It is said, however, in argument that a bill in equity will not lie to compel the specific performance of an award merely for the payment of a sum of money, the remedy at law being adequate in that case. The award here involved, however, is not one for the mere payment of money. The Newell award

disposed of only one element entering as an ingredient into the final estimate to be made up by the city engineer. There was yet cast upon the latter the remaining duty to make a true estimate of quantities, and to use in his estimate the classification established by the Newell award. Notwithstanding that, the final estimate he actually made was binding at law, and in order to correct it the plaintiffs were obliged to sue in equity to set it aside and to recover on a true estimate as governed by the rules the parties had prescribed for themselves, among which was the award of Newell as to classification. The conclusion is that so far as the rights of the parties are affected by the Newell award alleged in the present complaint, the plaintiffs have a separate cause of suit against the defendant, but no further. In its operation upon the chose in action or suit otherwise arising upon the contract in the absence of arbitration, the Newell award constitutes an exception, founded on the consent of the parties, to the rule against splitting demands. All claims not affected by the exception are governed by the rule and are properly cognizable in and controlled by the decree in the other suit.

4, 5. An action at law would not lie to enforce the award, because only a part of one element of the contention between the parties was submitted to the arbitration. A judgment at law would not have any foundation in a complaint which only averred the Newell arbitration of percentage classification without more. If, upon proper agreement to arbitrate, the arbitrator had found that so much money was due from the defendant to the plaintiffs, the remedy of the latter would have been to bring an action at law for the money allowed them by the award. But

by agreement of the parties the award was limited in its extent. It was designed only partially to control the action of the engineer in making up his final estimate. In that he departed from the award as alleged in the complaint, he has made a situation from which equity will relieve the plaintiffs by setting aside the award which otherwise would be binding at law, reforming it, and enforcing it as thus reformed, by a decree in equity.

The complaint does not state a cause of suit. According to its averments, the splitting of the cause of suit was based upon the consent of the parties to the Newell arbitration. Upon a cause of suit to set aside the final estimate of the engineer based upon his own classification, which naturally would include the whole dispute as to the entire contract, the parties, by submitting one element of a part of the dispute to arbitration, have by consent created a new and different cause of suit as to the part arbitrated. In brief, they themselves have split the original cause of suit into two parts, each resting on a different basis, one of which is cognizable in the former suit, and the other in the present litigation.

There was error in sustaining the demurrer.

The cause will be remanded to the Circuit Court for further proceedings not inconsistent with this opinion.                    REVERSED AND REMANDED.

BEAN, BENSON and BROWN, JJ., concur.