Argued December 3, 1925, reversed January 5, rehearing denied January 26, 1926.

CHARLES BORG ET AL. *v.* UTAH CONSTRUC- TION COMPANY.

(242 Pac. 600.)

Pleading—Motion for Judgment Notwithstanding Verdict must be Determined from Pleadings Alone.

1.  In view of Section 202, Or. L., motion for judgment notwithstanding verdict must be determined from pleadings alone.

Appeal and Error—Considering Whether Trial Judge can Grant Motion for Judgment Notwithstanding Verdict on Grounds That Complaint Does not State Facts Sufficient to Constitute Cause of Action Held not Necessary.

2.   Since insufficiency of complaint to state facts sufficient to constitute cause of action can be raised at any time, on appeal it is not necessary to consider question raised on assignments of error whether trial judge can grant motion notwithstanding verdict on grounds that complaint does not state facts sufficient to constitute cause of action when same point was urged in support of motion for nonsuit.

Judgment—Motion for Judgment Notwithstanding Verdict Because of Failure of Complaint to State Facts Sufficient to Constitute Cause of Action Raised at Other Stages of Trial, Should be Denied as Matter of Practice.

3.   Where question whether complaint stated facts sufficient to constitute cause of action was raised by objection to introduction of testimony, by motion for nonsuit, and by motion for directed verdict, court, as matter of practice, should have refused to entertain motion on same ground for judgment notwithstanding verdict.

Work and Labor—Complaint, Based on Contract for Work and Labor, Held Sufficient to State Cause of Action.

4.   Complaint, in action to recover for work and labor, to which was attached contract which was made part thereof, and which set out amount of work plaintiffs claimed to have performed, together with amounts they were to receive therefor, and alleged only part payment had been made, and asked judgment for balance, although it did not refer to breach of contract other than failure to pay sum agreed, was sufficient to state cause of action.

Pleading — Alleging Conclusion of Indebtedness of Defendant to Plaintiffs for Work and Labor Held Proper, in View of Other Allegations.

5.   In action to collect balance due for work and labor performed under contract, allegation that, by reason of work, and pursuant to terms of contract, defendant became indebted to plaintiffs in specified sum, while a conclusion, was proper and right, in view of fact that it was logical deduction from facts alleged in two other paragraphs, although, if such paragraph stood alone, it would not be sufficient.

Work and Labor—Complaint Based on Contract Held Sufficient.

6.   In action to recover balance due on contract for work and labor, where plaintiffs alleged contract and set out work claimed to have been done by them, from which allegations amount earned could be readily ascertained by computation, such complaint stated cause of action.

Work and Labor—Complaint to Recover for Work and Labor Under Contract Held to Allege Sufficient Performance by Plaintiffs.

7.   In action to recover balance due for work and labor under contract, complaint alleging that, pursuant to contract, plaintiffs

graded and finished work as specified in contract in manner satisfactory to engineers, as required by contract, was sufficient.

**Work and Labor—Defendant, Sued for Value of Work and Labor, not Pleading Contract, Held to have Waived Its Provisions Relating to Arbitration.**

8. In action to recover balance due for work and labor under contract, defendant's failure to set up contract between it and third party waived provisions relied upon in it to submit dispute to arbitration.

**Appeal and Error—Supreme Court cannot Weigh Testimony Introduced Under Good Complaint to Determine Preponderance Thereof.**

9. In action to recover balance due for work and labor under contract, where there was evidence to support plaintiffs' contention introduced under good complaint, Supreme Court cannot weigh testimony to determine preponderance thereof.

---

Appeal and Error, 3 C. J., p. 786, n. 76; 4 C. J., p. 859, n. 8.
Arbitration and Award, 5 C. J., p. 46, n. 30.
Judgment, 33 C. J., p. 1183, n. 45, p. 1188, n. 82 New.
Pleading, 31 Cyc., p. 729, n. 54.
Work and Labor, 40 Cyc., p. 2839, n. 7, p. 2840, n. 14, 17 New.

From Multnomah: W. N. Gatens, Judge.

This action was instituted to collect the balance due for work and labor performed by plaintiffs under contract with the defendant. The plaintiffs recovered a verdict for the full amount demanded. The verdict was set aside, the judgment canceled and a judgment rendered and entered in favor of the defendant against the plaintiffs notwithstanding the verdict. The plaintiffs appeal. The plaintiffs state in their brief that the appeal involves two things.

"First, can a trial judge grant a motion for a judgment *non obstante veredicto* upon the grounds that the complaint does not state facts sufficient to constitute a cause of action when this same point has been urged in support of a motion for a non-suit, as well as a motion for a directed verdict, both of which motions have been overruled? Second, does plaintiff's complaint in this action state facts sufficient to constitute a cause of action?"

The defendant in his brief states the issue on appeal is as follows:

"The only question to be decided in this case, is whether or not the complaint of the appellants failed to state facts sufficient to constitute cause of action."

Omitting the formal parts the first cause of action in the complaint is as follows:

"That on or about the 24th day of August, 1921, Plaintiffs entered into a written contract with the Defendant, a copy of which contract is attached hereto, marked Exhibit 'A' and is hereby referred to for its terms and provisions.

"That pursuant to said contract said Plaintiffs graded and finished said work as specified in said contract, between said stations as therein specified, in a manner satisfactory to said engineers as in said contract specified, and during the performance of said contract Plaintiffs blasted, quarried and excavated 17,942 cubic yards solid rock, 942 yards intermediate rock and 660 cubic yards of common rock.

"That by reason of this work and pursuant to the terms of said contract, the said Defendant became indebted to said Plaintiffs in the sum of $11,909.70, no part of which has been paid save and except the sum of $9534.97, leaving a balance due and owing to Plaintiffs of $2374.73, no part of which balance has been paid although demand has been made therefor."

The second cause of action in plaintiffs' complaint is to recover the sum of $100 for some additional work performed by the plaintiffs at the request of the defendant.    REVERSED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. B. A. Green.*

For respondent there was a brief and oral argument by *Mr. Thomas G. Ryan.*

COSHOW, J.—1. A motion for a judgment notwithstanding the verdict must be determined from the pleadings alone: Section 202, Or. L., *Snyder* v. *Portland Ry. L. & P. Co.,* 107 Or. 673, 676 (215 Pac. 887); *Bertin & Lepori* v. *Mattison,* 80 Or. 354, 358–360 (157 Pac. 153, 5 A. L. R. 590); *Houser* v. *West,* 39 Or. 392, 395, 396 (65 Pac. 82); *Kirk* v. *Salt Lake City,* 32 Utah, 143 (89 Pac. 458, 12 L. R. A. (N. S.) 1021).

2, 3. We deem it unnecessary to consider the first question propounded in appellants' brief. Inasmuch as the insufficiency of the complaint to state facts can be raised at any time it is not necessary to decide the first question as propounded in appellants' definition of the issue raised on this appeal. *Scibor* v. *O.- W. R. & N. Co.,* 70 Or. 116, 120, 121 (140 Pac. 629), is authority for the position taken by appellants that a motion for a judgment notwithstanding the verdict will not be considered when it raises the same question propounded on a motion for a nonsuit. The respondent insists that the complaint does not state facts sufficient to constitute a cause of action and it has a right to present that matter here even though it had not presented it to the Circuit Court. It did present it there, however, in an objection to the introduction of any testimony by the plaintiffs, in its motion for nonsuit and also for a directed verdict. As a question of practice the Circuit Court should refuse to have entertained the motion for a judgment notwithstanding the verdict. But that becomes immaterial since the respondent insists that the complaint does not state facts sufficient to constitute a cause of action.

4, 5. An examination of the complaint leads us to the conclusion that it states facts sufficient to con-

stitute a cause of action. The complaint is based upon a contract for labor and work performed by the plaintiffs for the defendant. The plaintiffs do not ask for damages for a breach of contract. The contract attached to the complaint and made a part thereof discloses that the plaintiffs and defendant entered into an agreement to do certain construction work on a railroad bed for which plaintiffs were to receive the amount of pay specified in the contract. The complaint sets out the amount of work plaintiffs claim to have performed together with the amounts they were to receive for the work; alleges that they performed the work and that only a part of the amount agreed to be paid therefor had been paid and asks judgment for the balance. There is no reference in the complaint to a breach of the contract other than the failure of the defendant to pay the sum agreed. The allegation, ''That by reason of this work and pursuant to the terms of said contract, the said Defendant became indebted to said Plaintiffs in the sum of $11,909.70,'' while a conclusion is the logical deduction from the facts alleged in pars. III and IV in the complaint. If par. V stood alone it would not be sufficient. It may not have been necessary to set out the conclusion, but it is the common way of pleading and we believe it to be proper and right.

6. The respondent relies on the rule of law that, ''When the parties to a contract fix on a certain mode by which the amount to be paid shall be ascertained the party that seeks the enforcement of the agreement must show that he has done everything on his part to carry it into effect.'' We think that the plaintiffs have done this. The plaintiffs do allege the contract between them and the defendant. They then set out the work claimed to have been done by them. From

those two allegations the amount earned by the plaintiffs can readily be ascertained by computation. There is no intimation in the complaint that there was any dispute which the contract between the defendant and the Portland Astoria and Eastern Railroad Company required the plaintiffs to submit to the engineers as claimed by the defendant. An examination of the authorities relied on by the defendant clearly shows that they are not in point. *The leading case is *Meyers & Co.* v. *Pacific Construction Co.,* 20 Or. 603 (27 Pac. 584). By referring to the opinion in that case it will be found that the plaintiffs had sued the defendant for a breach of the contract between them involving the very matter agreed to be referred to the engineers of the defendant for final determination. The action was for damages. It was properly held that the parties, having selected a tribunal for determining the very matter presented by the complaint to the court, were bound by their contract, and could not subject the defendant to the expense and trouble of a trial in court without first resorting to the tribunal voluntarily selected, or showing proper grounds for not doing so.

7. But the defendant insists that the complaint is insufficient in this, that it does not allege that plaintiffs fully performed the contract on their part, and relies on *Johnson* v. *Prineville,* 100 Or. 105, 113 (196 Pac. 817, 819); Id., 100 Or. 119 (196 Pac. 821). On page 113 (196 Pac. 819) of the official Report Mr. Chief Justice BURNETT in the opinion of the court said:

"It is argued in the defendant's brief that—

" 'A complaint on a contract, which sets out the contract in full but fails to allege plaintiffs' performance of its conditions, does not state a cause of suit

or action, and this objection may be raised for the first time in the appellate court.'

"This is sound in principle, but it is not applicable to the pleadings, for we find the allegation already quoted from the complaint, that the work was done by the plaintiffs in accordance with the terms of the the contract."

In the instant case the plaintiffs' allegation, "That pursuant to said contract said plaintiffs graded and finished said work as specified in said contract, * * , in a manner satisfactory to said engineers as in said contract specified, * * ," is a sufficient allegation that the plaintiffs performed their part of the contract. We entertain no doubt that the complaint states a good cause of action.

8, 9. The answer of the defendant: "Admits that pursuant to said contract said plaintiffs graded and finished said work as specified in said contract, * * , in a manner satisfactory to said engineers as in said contract specified." But denies the amount of work was as plaintiffs stated it to be. Defendant also sets out as exhibit "1" to its answer the identical contract attached to plaintiffs' complaint as exhibit "A." The contract between the defendant and the Portland Astoria and Eastern Railroad Company is not set out in the pleadings. If the defendant desired to rely upon the latter contract it should have set it out or the parts thereof which it desired to rely upon. The defendant could waive the provisions relied upon in it to submit the dispute to arbitration: *Chamberlain* v. *Hibbard,* 26 Or. 428 (38 Pac. 437). By not pleading that agreement it did waive those provisions: *Kirk* v. *Salt Lake City,* above. The dispute, therefore, regarding that allegation is a matter of evidence in this case. The record discloses that that dispute was one of the principal issues tried in the

Circuit Court. There being evidence to support the contention of plaintiffs introduced under a good complaint, this court cannot weigh the testimony to determine the preponderance thereof.

The order setting aside the judgment notwithstanding the verdict in favor of the plaintiffs and against the defendant is set aside. The cause is remanded to the Circuit Court, with directions to re-enter the judgment in favor of the plaintiffs against the defendant on the twenty-fifth day of September, 1922, as of that date.

REMANDED WITH DIRECTIONS. REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.