Argued October 31, 1950; affirmed January 24, 1951

# EDVALSON *v.* SWICK
## 227 P. (2d) 183

*E. M. Sabin,* of Union, and *W. F. Brownton,* of La Grande, argued the cause for appellant. On the briefs was E. M. Sabin.

*Lewis Z. Terrall,* of Union, argued the cause and filed a brief for respondent.

Before Lusk*, Chief Justice, and Brandt†, Ross-
man, Hay and Warner, Justices.

## WARNER, J.

This is an action at law wherein the plaintiff seeks
to recover $1,181.77, as being the amount due him on
the rescission of a contract made between the parties.
From a judgment in plaintiff's favor in the amount
of $800.00, defendant appeals.

Prior to the 21st day of February, 1949, the defend-
ant was the owner of certain premises in the city of
Union, upon which she conducted a cleaning and press-
ing business under the name of Union Cleaners. Plain-
tiff alleges that on or about that date, he and defendant
entered into an oral contract wherein and whereby
defendant agreed to sell him the premises and equip-
ment used in said business for the sum of $8,000.00,
upon payment of the sum of $1,500.00 down and the
principal balance in monthly installments of $150.00
each. He further alleges that he made the down pay-
ment on the 21st day of February, 1949, and went
into possession of said business with the defendant as
his assistant; that he continued to make all of the
required payments up to on or about the 1st day of
June, 1949, and that on or about the 5th day of that
month he demanded of defendant a written contract
embodying the terms of their agreement and informed
her that if she declined to furnish such a written con-
tract, to which he claimed he was entitled as a part
of the initial sales contract, he would terminate the
contract and demand a refund to him of all monies

---

* Chief Justice when this case was argued.
† Chief justice when this opinion was rendered.

previously paid thereon. Plaintiff claims that at said time, the parties agreed that their initial sales agreement should be rescinded and that the defendant would refund and pay to plaintiff all monies paid by him to the defendant on account of the purchase price, less, however, the net receipts of the business received by plaintiff during the period of his operation, and that they would forthwith meet and have an accounting to establish the amount due plaintiff in accordance with their agreement of rescission. According to plaintiff, defendant failed and refused to have an accounting with him, which refusal resulted in the present action.

All the material allegations of plaintiff's complaint were admitted by defendant's answer, except as hereinafter indicated. The parties are not in accord as to the date of the agreement or the amount of the required down payment, which defendant says was $2,000.00 instead of $1,500.00 and upon which she claimed that plaintiff had paid no greater amount than $1,200.00. Defendant disputed the total amount of payments made by plaintiff on the contract and the amount of gross receipts which he had claimed he received from the business. These were later established by stipulation as being in the total amount of $1,667.40. Defendant also joined issue as to the amount of the operating expenses which plaintiff had incurred during the period of his operation, and denies that the contract was terminated by rescission in June and represents that plaintiff abandoned the contract on or about the 11th day of March, 1949, after which time she claims he served as an apprentice under her direction. The jury, however, rendered a verdict in favor of the plaintiff in the amount indicated.

Defendant brings to us eight separate assignments

of error. The first assignment of error relates to the denial of defendant's motion for nonsuit. Her fourth assignment is predicated upon the court's refusal to instruct the jury to return a directed verdict. We shall consider these two assignments together.

The grounds given by defendant in support of her motion for nonsuit were: (1) that the plaintiff had failed to produce substantial evidence as to the amounts of money received from the cleaning business during the period of his operation of the business; (2) that he had not substantiated his claim as to the payment of expenses in connection with the operation of the business; and (3) that he had failed to submit evidence to substantiate his allegation as to the amount of money paid by him to the defendant as down payment on the purchase contract.

Defendant's fourth assignment of error has its inspiration from a tendered instruction which, if given, would have instructed the jury to return a verdict in favor of the defendant and against the plaintiff. We here treat it as a motion for a directed verdict.

■■ It is well settled that the motion of an adverse party for a nonsuit or for a directed verdict must specify the grounds therefor; and that when such a motion is denied, the grounds stated therein are conclusive on the moving party, and he may not urge for the first time on appeal additional grounds for the motion. *Ingalls v. Isensee,* 170 Or. 393, 398, 133 P. 2d 614.

■ When determining whether the trial court erred in denying defendant's motion for a directed verdict, this court considers the evidence in the record and every legitimate inference that can be drawn from it in the light most favorable to the plaintiff. It is not our duty to weigh or evaluate the testimony. Our func-

tion is limited to ascertaining whether there is substantial evidence to support the verdict of the jury. *Dudleston v. Chiravollatti,* 184 Or. 405, 415, 198 P. 2d 858.

■ Applying the foregoing principles, we are of the opinion that there is substantial evidence to support the allegations of the plaintiff that he received the amounts he claimed to have received as income from the business and that he paid as expenses during the period of his operation the amounts of money as alleged in his complaint and made the down payments on the contract in the amounts which he claimed.

Plaintiff's second assignment of error is predicated upon the court's denial of defendant's motion for judgment notwithstanding the verdict. This motion rests on the following grounds:

"1. That the plaintiff failed to sustain the burden of proof.

"2. That the verdict is contrary to the evidence.

"3. That there was no competent evidence to support the verdict.

"4. For errors in admitting testimony over the objection of defendant.

"5. The testimony shows the defendant was entitled to a verdict."

■ The courts authority to enter such a judgment is limited by the provisions of § 6-707, O. C. L. A., as amended by ch. 149, Or. Laws, 1945. To entitle one to such a judgment, the moving party must bring himself clearly under one of the four conditions authorized by that section.

■ The first three of the available grounds for the allowance of a motion for judgment notwithstanding the verdict under § 6-707, O. C. L. A., are determinable

only by examination of the pleadings. *Borg et al. v. Utah Construction Company*, 117 Or. 22, 26, 242 P. 600. The amendment made to § 6-707, O. C. L. A., by ch. 309, Or. Laws, 1941, added a new ground for such motion reading:

"* * * when a motion for a directed·verdict which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

All the three grounds found in § 6-707, O. C. L. A., as it was prior to the amendment of 1941, plus the additional fourth ground created by that amendment, were later incorporated into the amendment of 1945 (ch. 149, Or. Laws, 1945) and now constitute the sole reasons for authorizing the entry of a judgment notwithstanding the verdict.

■ The fourth reason, when raised by proper motion, casts upon the court the duty to examine the evidence in the record in the light most favorable to plaintiff. *Dudleston v. Chiravollatti*, supra. Such has been the practice of this court ever since the amendment of 1941, as exemplified by *Edwards, Guardian, v. Hoevet*, 185 Or. 284, 296, 200 P. 2d 955, 6 A. L. R. 2d 104.

■ All of the grounds upon which defendant predicated her motion for a judgment *non obstante veredicto*, except the fourth, are addressed to the sufficiency or quality of the evidence and, therefore, relate to and are tested by the fourth reason of the statute which authorizes the allowance of such a motion. The fourth item of defendant's motion alludes to error in the admission of testimony over plaintiff's objection. This is not a proper ground in support of a motion of this

character, and we therefore limit our inquiry to the other grounds specified in the motion.

Having heretofore concluded that the defendant's motion for a directed verdict is without merit, our examination of the evidence in connection with that consideration justifies us in also holding that the grounds assigned by defendant in support of her motion for judgment notwithstanding the verdict renders her motion equally without merit.

■ Notwithstanding that defendant's motion was limited to a challenge as to the sufficiency and quality of the evidence, as hereinabove pointed out, defendant in her argument in support of her second assignment of error addresses it solely to the sufficiency of plaintiff's complaint. Although we can with propriety limit our examination to the grounds raised by the motion itself and ignore any additional grounds in support of such motion raised for the first time through the avenue of the brief, we have, nevertheless, examined plaintiff's complaint and find it sufficient against attack by demurrer or by a motion *non obstante veredicto. Andros v. Childers,* 14 Or. 447, 449, 13 P. 65.

■ By her third assignment of error defendant invites us to consider the alleged error of the court in denying her motion for a new trial. In *Tellkamp v. McIlvaine,* 184 Or. 474, 477, 199 P. 2d 246, this court held:

"* * * an appellant who wishes to assign as error an order which denied his motion for a new trial should see to it that the motion for a new trial and the proceedings thereon are made a part of the bill of exceptions. He should also see to it that the bill of exceptions becomes a part of the judgment roll." Also see *Harper v. Wilson,* 185 Or. 23, 25, 200 P. 2d 600.

482

■ We have searched the bill of exceptions in vain for any reference to defendants motion for a new trial or the record of any proceedings thereon. Under the circumstances, we are bound to ignore defendant's third assignment of error.

■ Defendant's three assignments of error numbered 5, 6 and 7 are based upon exceptions taken to instructions given by the court. Rule 13 (3) of the rules of this court has for many years past required that an assignment of error based upon an alleged error of the court in the giving of an instruction shall "set out instruction and objection made thereto, both *haec verba*." The defendant's brief does not comply with this rule except to set out the instructions given. We have made numerous decisions calling attention to this rule and the failure of some of the members of the Bar to observe its provisions and have attempted to impress upon them the necessity of compliance therewith. See *Dudleston v. Chiravollatti,* supra; *Cameron v. Goree,* 182 Or. 581, 189 P. 2d 596; *Hall v. Pettibone,* 182 Or. 334, 187 P. 2d 166; *Natwick v. Moyer,* 177 Or. 486, 163 P. 2d 936; *Penn v. Henderson,* 174 Or. 1, 146 P. 2d 760; *State v. Aschenbrenner,* 171 Or. 664, 138 P. 2d 911, 147 A. L. R. 1052. Moreover, this court has for some time past emphasized the importance of complying with the provisions of this rule through the avenue of the Oregon Advance Sheets. For the reasons given, we decline to take notice of these three assignments.

In response to a question as to the reasonable rental value of the real property and equipment which was the subject of the contract between the parties, Mr. L. G. Knight, called as a witness by the plaintiff, testified over objection of the defendant that it was between $100.00 and $125.00 per month. The court's order over-

ruling defendant's objection to the question is made the basis of defendant's last assignment of error.

We agree with counsel for defendant that the rental value of the property was not an issue in the controversy, and his objection to the question was well taken; but a ruling in order to warrant a reversal must not only be erroneous but also must be prejudicial. *Edwards, Guardian, v. Hoevet,* supra. Being of the opinion that there was no resulting harm to defendant in the response of Mr. Knight, we reject defendant's last assignment of error.

The judgment is affirmed.